**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-60709-RAR**

**NANCY TAYLOR,** *on behalf of*
*herself and all others similarly situated***,**

    Plaintiff,

v.

**SERVICE CORPORATION INTERNATIONAL,** *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY

**THIS CAUSE** comes before the Court on Defendants' Renewed Motion to Stay Discovery [ECF No. 59] ("Motion"), filed on August 27, 2020. Having reviewed the Motion, as well as Plaintiff's Response in Opposition [ECF No. 61] ("Response") and Defendants' Reply in Support of the Motion [ECF No. 64] ("Reply"), and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendants' Renewed Motion to Stay Discovery [ECF No. 59] is **GRANTED**, as explained herein.

### BACKGROUND

This class action suit alleges that Defendants have engaged in unlawful business practices in connection with the marketing and sale of their preneed funerary and crematory service plans—i.e., plans purchased before the death of the individual for whom the services are provided. Specifically, Plaintiff alleges that Defendants failed to hold in trust for the benefit of their customers a substantial portion of the money they paid for these plans and that Defendants misled customers concerning this allegedly illegal practice. *See generally* Am. Compl. [ECF No. 43]. Moreover, according to Plaintiff, Defendants deceived Plaintiff and other purported class members

by making false representations in order to induce them to buy transportation services related to their preneed funerary service plans. *See id.* ¶¶ 88-97.  Based on the foregoing allegations, the Amended Complaint sets forth five counts, including violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, the Florida Funeral, Cemetery, and Consumer Services Act, Fla. Stat. § 497.001 *et seq.*, as well as counts for Unjust Enrichment and Civil Conspiracy. *Id.* ¶¶ 138-178.

In their Motion, Defendants have moved for a temporary stay of discovery, pursuant to Federal Rule of Civil Procedure 26(c), pending this Court's ruling on their Joint Motion to Dismiss the Amended Complaint [ECF No. 56-3] ("Mot. to Dismiss").[1]

## **ANALYSIS**

District courts enjoy broad discretion in deciding how to best manage the cases before them. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).  As we have previously stated, "[a] stay of discovery is appropriate where the movant shows good cause and reasonableness." *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sep. 3, 2010) (Moreno, J.) (citation and internal quotation omitted).  "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8L09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (citation omitted).  This necessarily entails taking a "preliminary peek at the merits of the dispositive motion to see if it

---

[1] Defendants' initial Joint Motion to Dismiss [ECF No. 51] was stricken due to inconformity with the local rules, *see* Paperless Order [ECF No. 57], but the Court accepted the revised Motion to Dismiss, which was attached as Exhibit 3 to Defendants' Response to Plaintiff's Motion to Strike, *see* [ECF No. 56-3].

appears to be clearly meritorious and truly case dispositive." *Id.* (internal quotations and citations omitted); *see also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (cautioning that "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action.") (internal quotations and citations omitted). The party moving to stay discovery bears the burden of demonstrating good cause and reasonableness. *McCabe*, 233 F.R.D. at 685.

Here, a "preliminary peek" of the pending Motion to Dismiss reveals that Defendants have challenged the viability of all five claims as a matter of law under Rule 12(b)(6) and seek the dismissal of claims against Defendant Service Corporation International for lack of personal jurisdiction under Rule 12(b)(2). *See generally* Mot. to Dismiss. Thus, if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery.

In addition, Defendants insist that Plaintiff has not alleged an injury-in-fact sufficient to confer Article III standing for two reasons. First, Defendants argue that even if they did violate the Florida statutory requirements regarding amounts to be placed in trust, Plaintiff has not alleged that Defendants have failed to perform any of their contractual obligations, and the possibility of future harm does not constitute an injury-in-fact. *Id*. at 32-34. Second, Defendants argue that Plaintiff's allegation that she was "harmed" by the allocation of pricing within her contracts is conclusory and without any showing of actual harm. *Id*. at 34-35. Defendants' standing arguments therefore apply to the totality of Plaintiff's claims.

Plaintiff relies on *Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2015 WL 13858830, at *3 n.2 (S.D. Fla. Dec. 17, 2015) for the proposition that Defendants' arguments as to Article III

standing do not justify staying discovery because any discovery taken in this case could be used by the Plaintiff in an appropriate jurisdiction. Response at 4-5. However, *Keim* is of little import on this question. In that case, the parties moved to stay the *entire* case—not just discovery—pending a forthcoming decision from the Supreme Court. But the *Keim* Court held that a blanket stay was not appropriate because the Supreme Court decision would only come into play at the summary judgment stage since the Court was satisfied that Plaintiffs had already "sufficiently alleged harm" to satisfy Article III standing at the pleading stage. 2015 WL 13858830, at *2. Therefore, "there [was] no reason to stay th[e] case while it [was] still in the pleading and discovery stages." *Id*. at *3. That is a far cry from the situation here, where Defendants seek a temporary stay so the Court can decide gateway issues of Article III standing, a subject matter jurisdiction question that we have previously recognized as providing good cause for a stay of discovery because it is a "threshold legal issue[] that [is] case-dispositive." *Varga*, 2010 WL 8510622, at *1.

Plaintiff argues that at best, Defendants' Motion to Dismiss would dispose of only certain claims; therefore, it would be improper to stay discovery pending resolution of said Motion. Response at 6; *see also Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (declining to stay discovery where motion to dismiss "could not possibly resolve the entire case"). However, Defendants raise issues of standing (in addition to other viability arguments) as to each cause of action, and thus the Motion to Dismiss does indeed have the potential to resolve the entire case. Moreover, because the Court has only taken a "preliminary peek" at the Motion to Dismiss, it has not yet fully evaluated the merits of Defendants' arguments and is therefore not in a position to determine which of Plaintiff's claims are likely to advance, thus justifying good cause for a *temporary* stay of discovery as to all claims so that the Court can fully address that question.

This approach is consistent with the Eleventh Circuit's instruction that dismissal of nonmeritorious claims before discovery begins is necessary to minimize undue burdens on litigants and the court system. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). As explained in *Chudasama*:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

123 F.3d at 1367 (footnote and citation omitted). This rule is particularly appropriate in large putative class action cases such as this wherein Plaintiff seeks a significant swath of documents from multiple entities and the elimination of even one claim could significantly impact the scope of discovery. *See Padilla v. Porsche Cars N.A., Inc.*, No. 18-cv-24988, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) ("This Court firmly abides by *Chudasama*'s instructions that discovery should follow the filing of a well-pleaded complaint and that any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.") (internal quotations omitted); *Khan v. Bankunited, Inc.*, No. 8:15-CV-2632-T-23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) ("While discovery generally should not be stayed pending resolution of a motion to dismiss, a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size."); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting the importance of resolving facial challenges before discovery begins, "especially when the challenged claim will significantly expand the scope of allowable discovery.") (citing *Chudasama*, 123 F.3d at 1368); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (same).

Plaintiff maintains that Defendants' reliance on *Chudasama* is misplaced and cautions against misapplication of the case to the facts at hand.  *See* Response at 3.  The Court agrees with Plaintiff that *Chudasama* "does not indicate a broad rule that discovery should be deferred or stayed whenever there is a pending motion that is potentially dispositive." *Mimbs v. J.A. Cambece Law Office, P.C.*, No. 12-cv-62200, 2013 WL 11982063, at *1 (S.D. Fla. June 13, 2013); *see also Miller's Ale House, Inc. v. DCCM Restaurant Group, LLC*, No. 6:15-cv-1109-Orl-22TBS, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015) (noting *Chudasama* and its progeny "stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.") (internal quotations and citations omitted).  But when faced with legitimate standing challenges like those present in Defendants' Motion to Dismiss, discovery should not commence until such challenges are resolved.  *See Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-cv-81490, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 28 2016); *Dayem on behalf of Dayem v. Chavez*, No. 13-cv-62405, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014); *Latrell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 5822663, at *1-2 (S.D. Fla. Feb. 28, 2014).  *Accord Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue.") (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006)).

In addition to jurisdictional challenges, the legal deficiencies asserted in Defendants' Motion to Dismiss also support the entry of a temporary stay.  For example, Defendants argue, *inter alia*, that Plaintiff's contracts clearly belie her allegations that she was misinformed, Mot. to Dismiss at 17-23, and that there is no basis under FDUPTA for Plaintiff's claim that Defendant must disclose its share of profits as a third-party seller of services.  *See* Mot. to Dismiss at 17-23;

35-41.[2]   Addressing these types of facial challenges before permitting discovery lessens unnecessary costs, "particularly given the expansive nature of Plaintiff's discovery requests, many of which relate to the putative class." *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-22691, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014).

On this final, and perhaps most important, point, Defendants have identified—in a specific and tangible way—the unreasonable discovery burdens they will face absent a stay.  As in *Pierce*, Plaintiff here seeks discovery as to tens of thousands of customers in a putative class, and Defendants estimate that responding to such requests would cost "several hundreds of thousands of dollars."  *See* Supp. Decl. of Nicholas P. Panayotopoulos [ECF No. 49-1] at 6.  Given that Plaintiff seeks information and documents not only about the named Defendants, but also all their "affiliates," over a four-year time period, Defendants estimate that the discovery requests encompass "well over one hundred thousand electronic and hard-copy documents (consisting of a total of hundreds of thousands of pages) for the relevant time period." *Id*. at 4.  Thus, Defendants will be forced to incur significant costs if they must respond to discovery about claims that ultimately may not be properly part of this case.  On the other hand, the Court finds that a brief stay of discovery would not prejudice Plaintiff—and should the case proceed, Plaintiff will have ample opportunity to conduct discovery.  Therefore, Defendants have adequately demonstrated the reasonableness of a temporary stay.

## **CONCLUSION**

"Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ, 2012 WL

---

[2] In analyzing Defendants' pending Motion to Dismiss, the Court does not offer any substantive opinion on the merits of said Motion.  Instead, the Court has only taken a "preliminary peek" to determine whether Defendants' Motion to Dismiss is meritorious and may be case dispositive.

5471793, at *2 (S.D. Fla. Nov. 9, 2012) (citing *McCabe*, 233 F.R.D. at 685). Here, Defendants have met their burden, and should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court. Temporarily staying discovery at this juncture will not create case management obstacles or delay the prosecution of this case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiff's claims. Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Renewed Motion to Stay Discovery [ECF No. 59] is **GRANTED**.

2. General discovery is **STAYED** until this Court issues an order on Defendants' Joint Motion to Dismiss [ECF No. 56-3].

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of October, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**