# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

NANCY TAYLOR, on behalf of herself and all
others similarly situated,

              Plaintiff,

    v.

SERVICE CORPORATION
INTERNATIONAL, et al.,

              Defendants.

Case No.: 20-CV-60709-RAR

---

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is entered into, by and between: (i) Nancy Taylor and Hazel Benjamin, on behalf of themselves and all others similarly situated ("Plaintiffs"); (ii) SCI Direct, Inc. ("SCI Direct"); (iii) Neptune Management Corp. a/k/a Neptune Society Management Corporation d/b/a Neptune Society ("Neptune"); and (iv) NCS Marketing Services, LLC d/b/a National Cremation Society ("NCS"); (SCI Direct, Neptune, and NCS are collectively referred to herein as "Defendants"). Plaintiffs, SCI Direct, Neptune and NCS may be separately referred to herein as a "Party" and collectively referred to herein as the "Parties" and the above-captioned case is referred to herein as the "Lawsuit." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle all the claims specified below, subject to approval by the Court and the settlement terms set forth below.

## I.    RECITALS

A.     Neptune and NCS are engaged in the sale of Preneed Funeral Agreements to provide preneed cremation services and Retail Merchandise Agreements to provide related merchandise throughout the State of Florida. On behalf of Medical Air Services Association of Florida, Inc. ("MASA"), Neptune and NCS also engaged in the sale of Transportation and Relocation Protection Plans ("TRPP") throughout the State of Florida to provide membership in a transportation services plan should the purchaser or beneficiary relocate or be outside of seventy-five (75) miles of his or her residence at the time of passing. Under statutory law, purchasers of preneed funeral services have the right to cancel the agreement and receive a full refund for unused services at any time. Under their current contracts, purchasers of retail merchandise that is delivered have the right to cancel those agreements for thirty (30) days from the date of purchase.

B.     On or about August 15, 2017, Plaintiff Taylor purchased a Preneed Funeral Agreement, Retail Merchandise Agreement and TRPP from Neptune.

C.     On or about December 22, 2017, Plaintiff Hazel Benjamin purchased a Preneed Funeral Agreement, Retail Merchandise Agreement, and TRPP from NCS.

D.     On April 4, 2020, Plaintiff Taylor filed a Class Action Complaint against Service Corporation International, Inc., SCI Direct, SCI Funeral Services of Florida, LLC, S.E. Combined Services of Florida, LLC, NCS Marketing Services, LLC, Neptune and John Does 1-20.

E.     On July 10, 2020, Plaintiff Taylor filed an Amended Class Action Complaint against Service Corporation International, SCI Direct, Neptune and John Does 1-20.

F.     On May 17, 2021, Plaintiff Taylor filed a Second Amended Class Action Complaint against SCI Direct, Neptune and John Does 1-20.

G.     Plaintiff Taylor intends to request leave to file a Third Amended Class Action Complaint adding (subject to the Court's permission) additional Plaintiff Hazel Benjamin and additional Defendant NCS.

H.     Plaintiffs allege in the Lawsuit that Defendants violated Florida's Funeral Act, Chapter 497, Florida Statutes, by, among other things, misrepresenting to customers the different statutory rights applicable to preneed services and related merchandise. Plaintiffs also allege that Defendants engaged in unfair and deceptive practices in their marketing and sale of the TRPP by, among other things, materially misrepresenting their financial interest in the sale. Among other things, Plaintiffs ask the Court for the option to rescind some or all of their contracts and all contracts of all those similarly situated.

I.     Defendants have asserted substantial legal and factual defenses against Plaintiffs' claims, and deny Plaintiffs' allegations in the Lawsuit. Defendants deny any liability to the Plaintiffs, Settlement Classes, or any Settlement Class Member, for any claims, causes of action, costs, expenses, attorneys' fees, or damages of any kind.

J.     On January 28, 2021, the Parties participated in a voluntary mediation with the assistance of mediator Rodney Max, but were unable to agree on the terms of a settlement.

K.     On March 24, 2022, the Parties participated in another voluntary (in person) mediation with the assistance of mediator Hunter Hughes, but were still unable to agree on the terms of a settlement.

L.     The Parties continued to discuss settlement with the assistance and input of Mr. Hughes over the following weeks and months and, on or about June 19, 2022, agreed on the terms of a settlement, subject to final approval by the Court after notice to the Settlement Classes as defined herein;

M.     Plaintiffs and their counsel have concluded that it is in the best interests of the Members of the Settlement Classes to compromise and settle all claims against Defendants for consideration reflected in the terms and benefits of this Settlement Agreement. After arm's length negotiations with counsel for the Defendants, including through the efforts of two mediators, Plaintiffs have considered, among other things: (i) the complexity, expense, and likely duration and distraction due to the litigation; (ii) the stage of the litigation and amount of fact gathering completed; (iii) the potential for the Defendants to prevail on class certification issues and on the merits; and (iv) the range of possible recovery, and have determined that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Classes.

N.     The Defendants have concluded that it is in their best interests to compromise and settle all claims brought by Plaintiffs and the Settlement Classes for consideration reflected in the terms and benefits of this Settlement Agreement. After arm's length negotiations with counsel for Plaintiffs, including through the efforts of two mediators, Defendants have considered, among other things:  (i) the complexity, expense, and likely duration of the litigation and business disruption due to the litigation; (ii) the stage of the litigation and amount of fact gathering completed; (iii) the potential for the Plaintiffs and the Settlement Classes to prevail on class certification issues and on the merits; and (iv) the range of possible recovery. The Defendants agree with Plaintiffs and their counsel that this Settlement Agreement is a fair, reasonable, and adequate resolution of the claims asserted by Plaintiffs in the Lawsuit.

O.     The Parties desire and intend to seek Court review and approval of the Settlement Agreement, and, upon preliminary approval by the Court, the Parties intend to seek a Final Order and Judgment from the Court dismissing with prejudice the Third Amended Class Action Complaint and ordering the dismissal with prejudice of all claims alleged by Plaintiffs, either individually or on behalf of Settlement Class Members.

P.     This Settlement Agreement will not be construed as evidence of, or as an admission by, the Defendants of any liability or wrongdoing whatsoever.

NOW, THEREFORE, it is stipulated and agreed that the foregoing recitals are hereby expressly incorporated into this Settlement Agreement and made a part hereof and further, that in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, including the Releases and Covenants Not to Sue, the entry by the Court of the Final Order and Judgment dismissing the Third Amended Class Action Complaint with prejudice and approving the terms and conditions of the Settlement Agreement, and for other good and valuable

consideration, the receipt and sufficiency of which are hereby acknowledged, this action shall be settled and compromised under the following terms and conditions.

## II.   DEFINITION OF SETTLEMENT CLASSES

Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), the Parties stipulate to certification, for settlement purposes only, of the following Settlement Classes, which may be collectively referred to herein as the "Settlement Classes":

### A.   Preneed and Retail Merchandise Plan Settlement Class:

All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan"), within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and all irrevocable preneed contracts.

### B.   TRPP Settlement Class:

All persons who, between April 1, 2016 and the present, purchased a TRPP from Neptune or NCS, within the State of Florida, excluding all TRPPs where the beneficiary has already been cremated or buried.

Also excluded from the Settlement Classes are: (i) SCI Direct, Neptune, NCS, and any of their employees, officers, or directors; (ii) members of the judiciary and their staff to whom these actions are assigned; and (iii) Counsel for the Parties.

## III.   DEFINITIONS

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

A.   "Administration Expenses" means expenses associated with administering the settlement, and shall include, but not be limited to, the expenses of the Settlement Administrator.

B.   "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

C.   "Attorneys' Fee Award" means the total award of attorneys' fees, costs and expenses agreed to by the Parties, sought by Class Counsel and/or allowed by the Court.

D.   "Claim Form" means the documentation a Settlement Class Member must submit to be considered for payment under the Agreement as provided in Section IX.

E.    "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Classes and the Settlement Class Members as provided in Section VII.

F.    "Class Representatives" means Nancy Taylor and Hazel Benjamin.

G.    "Confidential Information" means all confidential or proprietary information shared hereunder, or in connection herewith, either prior to, on or after the date of settlement, and any and all prior or subsequent drafts, representations, negotiations, conversations, correspondence, understandings, analyses, proposals, term sheets, and letters, whether oral or written, of any kind or nature, with respect to the subject matter hereof.

H.    "Effective Date" means the later of (a) the date defined in Section XIX, or (b) the thirtieth day after entry of the Final Judgment.

I.    "Final Approval Hearing" means the hearing to be held to consider final approval of the Settlement as provided in Section XI.

J.    "Final Order and Judgment" means the order and judgment fully and finally disposing of all claims asserted in the Lawsuits and all claims settled under this Settlement as provided in Section XI.

K.    "Individual Notice" means a Notice of the preliminary approval of this Agreement and the Settlement which will be mailed to potential Settlement Class Members as provided in Section VII.

L.    "Legally Authorized Representative" means an administrator/ administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate, a guardian, conservator, or next friend of an incapacitated Settlement Class Member or any other legally appointed Person or entity responsible for the handling of the business affairs of a Settlement Class Member.

M.    "Opt-Out" means a member of the Settlement Classes who properly and timely submits a request for exclusion from the Settlement in accordance with the Preliminary Approval Order and/or Section X.

N.    "Participating Class Member" means a Settlement Class Member who submits a timely and valid Claim Form.

O.    "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

P.    "Preliminary Approval" means the Preliminary Approval Order to be entered by the Court, as provided in Section VII.

5

Q. "Preneed Funeral Agreement" means an agreement sold by Neptune and/or NCS in the State of Florida to provide preneed cremation services to the purchaser or beneficiary at the time of passing.

R. "Preneed and Retail Merchandise Released Claims" means and includes any and all claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or damages (including actual, consequential, statutory, extra-contractual, and/or punitive or exemplary damages), known or unknown, arising from or relating to marketing, distribution, sales, or the amount and timing of the placement of funds into trust related to Preneed and Retail Merchandise Agreements by Neptune and/or NCS in the State of Florida, including but not limited to those claims which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Preneed and Retail Merchandise Plan Settlement Class, against Defendants. Preneed and Retail Merchandise Released Claims do not include any claim for enforcement of this Agreement and/or Final Order and Judgment.

S. "TRPP Released Claims" means and includes any and all claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or damages (including actual, consequential, statutory, extra-contractual, and/or punitive or exemplary damages), known or unknown, arising from or relating to marketing, distribution, sales or the amount and timing of the placement of funds into trust related to TRPPs by Neptune and/or NCS in the State of Florida, including but not limited to those claims which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of herself and/or on behalf of the TRPP Settlement Class, against Defendants. TRPP Released Claims do not include any claim for enforcement of this Agreement and/or Final Order and Judgment.

T. "Released Persons" means Service Corporation International, SCI Direct, Inc., Neptune Society of America, Inc., Neptune Management Corp. a/k/a Neptune Society Management Corporation d/b/a Neptune Society, NCS Marketing Services, LLC d/b/a National Cremation Society, Medical Air Services Association, Inc., Medical Air Services Association of Florida, Inc., and all of their insurers, and their respective past, present, and future, parents, subsidiaries, affiliates, divisions, predecessors, successors, heirs, legal representatives, legatees, and assigns, together with the past, present, and future officers, directors, board members, shareholders, members, presidents, affiliates, managers, partners, employees, agents, servants, representatives, consultants, in-house or outside counsel, sureties, insurers, and reinsurers of each of the foregoing.

U. "Retail Merchandise Agreement" means an agreement sold by Neptune and/or NCS in the State of Florida for cremation-related merchandise, including a memento

6

chest, urn, photo keepsake, thank you cards or a planning guide, for delivery to the purchaser at or soon after the time of purchase.

V.      "Settlement" means the settlement described in this Settlement Agreement and Release.

W.      "Settlement Administrator" means the independent professional service company selected by the Parties to oversee the distribution of Individual Notice as well as the processing and payment of claims to Settlement Class Members as set forth in the Agreement. The Parties have agreed that Angeion Group will serve as Settlement Administrator, subject to the Court's approval and Angeion Group's acceptance of the appointment. In the event the Court does not approve Angeion Group or Angeion Group declines the appointment, the Parties shall submit another mutually agreeable firm to the Court for appointment as Settlement Administrator.

X.      "Settlement Class Member" means any Person who is included within the definition of one of the Settlement Classes as defined in Section II above (or succeeds to the interests of such a Person); *provided however* that the term Settlement Class Member as used herein with respect to any right or obligation after the Final Approval date does not include any opt-outs as provided in Section X.

Y.      "TRPP" means a Transportation and Relocation Protection Plan sold by Neptune and/or NCS on behalf of Medical Air Services Association of Florida, Inc. and/or Medical Air Services Association, Inc. ("MASA") within the State of Florida to provide a membership for transportation services of a purchaser or beneficiary's remains, should the purchaser or beneficiary relocate or be outside of seventy-five (75) miles of his or her residence at the time of passing. Membership and accrual of benefits in the TRPP is immediate upon purchase.

## IV.   CONSIDERATION AND BENEFITS TO PARTICIPATING CLASS MEMBERS

A.      The Parties have negotiated a compromise of disputed claims, and have agreed on consideration for payment of claims to Participating Class Members, as provided herein, in exchange for a release of Preneed and Retail Merchandise Released Claims and/or TRPP Released Claims to Released Persons by all Settlement Class Members, and Dismissal With Prejudice of the Lawsuit. The option to cancel available to Participating Class Members and entitlement to an online obituary shall be deemed sufficient consideration provided to all Settlement Class Members in exchange for a full release of the Preneed and Retail Merchandise Released Claims and/or TRPP Released Claims.

B.      Participating Class Members of the Preneed and Retail Merchandise Plan Settlement Class (defined in Section II(A) above) will have sixty (60) days from the date of the Individual Notice to exercise the option to cancel both their Retail Merchandise Agreement and Preneed Funeral Agreement and receive a full refund of the purchase price paid for each agreement, less any amounts previously refunded. This extended right of cancellation for purchasers of the Retail Merchandise Agreement is contingent upon the Participating Class

Member returning the merchandise received (in substantially original condition) under that agreement. A Participating Class Member cannot exercise this extended right to cancel the Retail Merchandise Agreement without also cancelling the Preneed Funeral Agreement.

C.      Participating Class Members of the TRPP Settlement Class (defined in Section II(B) above) will have sixty (60) days from the date of the Individual Notice to cancel their TRPP and receive a full refund of the purchase price paid for that agreement, less any amounts previously refunded. This extended right of cancellation is contingent upon the Participating Class Member also cancelling any Preneed Funeral Agreement and/or Retail Merchandise Agreement he or she purchased for the same beneficiary as the TRPP from Neptune or NCS. In order to cancel their TRPP, all of the Participating Class Member's agreements with NCS or Neptune for the same beneficiary must also be cancelled (and the merchandise must be returned in substantially original condition), and he or she will receive a full refund of the purchase price paid for all the cancelled agreements.

D.      To the extent Settlement Class Members choose not to submit a claim to cancel their Agreements, Neptune and/or NCS will provide the beneficiary with entitlement to an online obituary, free of charge.  This includes the services of Neptune or NCS personnel to work with families to craft the language of the obituary. Settlement Class Members do not need to submit a Claim Form to receive this benefit.  Entitlement to the obituary will be noted in each Settlement Class Member's records, and it, along with the services each Settlement Class Member purchased, will be available to the Settlement Class Member at the time of need.

E.      To the extent Neptune or NCS continue to sell the TRPP on behalf of MASA in the State of Florida using substantially the same form as that used with the Plaintiffs here, within sixty (60) days of the Effective Date of this Settlement Agreement, Neptune and NCS will amend the TRPP contract forms sold on behalf of MASA to include a specific disclaimer stating the following or substantially similar language: "As a third party seller of MASA, the seller has a financial interest in and receives compensation based on the sale of this Plan."

F.      The Individual Notice sent to all Settlement Class Members shall also include the following disclosure regarding their existing cancellation rights under their Preneed Funeral Agreements, to the extent such an agreement was purchased: "Unless your Preneed Services Agreement has been made irrevocable, it may be cancelled at any time by giving written notice to the seller. Upon providing such notice you shall be entitled to a refund for unused services, cash advance items, and facilities portions of the Agreement as provided by law. *See* Fla. Stat. § 497.459(1)-(2)."

G.      The payments/refunds described in this Section IV(B)-(C) are the only payments/refunds to which any Participating Class Members will be entitled under the Settlement. The payments/refunds to Participating Class Members will be deemed to be inclusive of any claims for penalties and interest.

H.      The payment of claims and other obligations incurred pursuant to this Agreement shall be in full and final disposition of the Lawsuit, and in consideration for the release of any and all Released Claims as against any and all Released Persons and as between the Parties. The Parties

agree to work together in good faith to expeditiously administer the terms of this Settlement Agreement and settlement called for herein.

## V.    SETTLEMENT OF ALL CLAIMS AGAINST DEFENDANTS

A.    The Settlement settles and resolves with finality the Lawsuit against the Defendants, which includes all claims that have been brought, could have been brought, or could be brought now or at any time in the future, by any Settlement Class Member against any Defendant or Released Person(s) in the Lawsuit, or any other proceeding that arises out of, concerns, is connected with, or otherwise relates, directly or indirectly, to the Lawsuit whether legal or otherwise.

## VI.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS

A.    Release by Preneed and Retail Merchandise Plan Settlement Class Members. In consideration of the benefits described and the agreement and covenants contained in this Settlement Agreement, and by operation of the Final Order and Judgment, the Preneed and Retail Merchandise Plan Settlement Classes, the Class Representatives and each Preneed and Retail Merchandise Plan Settlement Class Member, on his, her, its, or their own behalf and on behalf of his or her respective predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity to the extent he, she, or it is entitled to assert any claim on behalf of any Preneed and Retail Merchandise Plan Settlement Class Member hereby release, acquit, forever discharge and hold harmless the Released Persons, and each of them, of and from any and all past, present and future claims, counterclaims, crossclaims, actions, lawsuits, rights or causes of action, liabilities, suits, demands, damages, losses, payments, judgments, debts, dues, sums of money, costs and expenses (including, without limitation, attorneys' fees and costs), accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, or promises, in law or in equity, contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, in any forum that the Preneed and Retail Merchandise Plan Settlement Class Member, and each of them, had, has, or may have in the future arising from or relating to the Preneed and Retail Merchandise  Released Claims, and agree not to institute, maintain, or assert any Preneed and Retail Merchandise Released Claims against the Released Persons.

B.    Release by TRPP Settlement Class Members. In consideration of the benefits described and the agreement and covenants contained in this Settlement Agreement, and by operation of the Final Order and Judgment, the TRPP Settlement Classes, the Class Representatives and each TRPP Settlement Class Member, on his, her, its, or their own behalf and on behalf of his or her respective predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity to the extent he, she, or it is entitled to assert any claim on behalf of any TRPP Settlement Class Member hereby release, acquit, forever discharge and hold harmless the Released Persons, and each of them, of and from any and all past, present and future claims, counterclaims, crossclaims, actions, lawsuits, rights or causes of action, liabilities, suits, demands, damages, losses, payments, judgments, debts, dues, sums of

money, costs and expenses (including, without limitation, attorneys' fees and costs), accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, or promises, in law or in equity, contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, in any forum that the TRPP Settlement Class Member, and each of them, had, has, or may have in the future arising from or relating to the TRPP Released Claims, and agree not to institute, maintain, or assert any TRPP Released Claims against the Released Persons.

C.      Plaintiffs and each Settlement Class Member: (i) represents, warrants, and agrees that such Settlement Class Member waives and is forever estopped from asserting any Preneed and Retail Merchandise Released Claim or TRPP Released Claim against any Released Person; and (ii) covenants that such Settlement Class Member will not now or in the future sue or threaten to sue any Released Person for any Preneed and Retail Merchandise Released Claim or TRPP Released Claim, or otherwise assert or threaten to assert any Preneed and Retail Merchandise Released Claim or TRPP Released Claim against any Released Person.

D.      Nothing contained in this Agreement shall: (i) preclude the enforcement of the terms of this Agreement or the Final Order and Judgment; or (ii) preclude Plaintiffs or Settlement Class Members from participating in the claim administration process outlined in this Agreement.

E.      Upon entry of the Final Order and Judgment described in Section XI, the Lawsuit will be dismissed by the Court with prejudice, and Plaintiffs, individually and on behalf of the Settlement Classes, will release with prejudice all the Released Persons from all of the Preneed and Retail Merchandise Released Claims and/or TRPP Released Claims.

## VII.    PRELIMINARY APPROVAL AND CLASS CERTIFICATION

A.      No later than September 7, 2022, Class Counsel shall submit this Settlement Agreement to the Court and request entry of the Preliminary Approval Order substantially in the form set forth in **Exhibit "1"** that will, among other things:

(i)      Preliminarily certify the Settlement Classes, as defined in Section II, for settlement purposes and designate the following attorneys as Class Counsel for the Settlement Classes:

> Randall P. Ewing, Jr.
> **KOREIN TILLERY LLC**
> 205 North Michigan Plaza, Suite 1950
> Chicago, IL 60601
> Phone: (312) 641-9750
> rewing@koreintillery.com

Alec H. Schultz
**HILGERS GRABEN PLLC**
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Phone: 305.630.8304
aschultz@hilgersgraben.com

(ii)     Preliminarily approve this Agreement as sufficiently fair and reasonable to warrant sending notice to the Settlement Classes preliminarily certified for settlement purposes;

(iii)     Preliminarily enjoin any Settlement Class Member from bringing a new alleged class action or attempting to amend an existing action to assert any class claims that would be released pursuant to this Agreement;

(iv)     Grant leave to file the Third Amended Complaint;

(v)     Appoint Angeion Group as the Settlement Administrator;

(vi)     Determine that distribution of the Individual Notice as described herein, are the reasonable and best practicable notice under the circumstances; are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit and of their right to object or opt-out of the Settlement; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet the requirements of the Federal Rules of Civil Procedure, and requirements of due process under the Florida and United States Constitutions, and the requirements of any other applicable rules or law;

(vii)     Preliminarily appoint Nancy Taylor and Hazel Benjamin as the Class Representatives; and

(viii)     Schedule a date to conduct the Final Approval Hearing, which shall not be held until after the Opt-Out period has concluded.

B.     The Parties agree to jointly request that the Court stay the Lawsuit, and enjoin all Settlement Class Members, unless and until they have been excluded from the Settlement Classes, or until the Court denies approval of the Settlement, or until the Settlement Agreement is otherwise terminated, from filing, commencing, prosecuting, intervening in, participating in and/or maintaining, as plaintiffs, claimants, or class members in, any other lawsuit, including, without limitation, or administrative, regulatory, arbitration, or other proceeding in any jurisdiction (whether state, federal or otherwise), against Released Persons based on, relating to any of the Released Claims or arising out of the claims and causes of action, or the facts and circumstances at issue, in the Lawsuit.

C.     The Parties recognize that there may be further pleadings, discovery responses, documents, testimony, or other matters or materials owed by the Parties to each other pursuant to existing pleading requirements, discovery requests, pretrial rules, procedures, orders, decisions, or otherwise. As of the Effective Date of this Agreement, each Party expressly waives any right to receive, inspect, or hear such pleadings, discovery, testimony, or other matters or materials during

11

the pendency of the settlement proceedings contemplated by this Settlement Agreement and subject to further order of the Court.

D.      Preliminary certification of the Settlement Classes and appointment of the Class Representatives and Class Counsel for purposes of this Settlement by the Court shall be binding only with respect to the Settlement. In the event the Settlement is not consummated due to a termination of this Agreement in accordance with its terms, a failure or refusal of the Court to approve the Settlement, or a reversal or modification of the Court's approval of the Settlement on appeal, or for any other reason: (i) the Court shall vacate the certification of the Settlement Classes; (ii) the Parties shall proceed as though the Agreement had never been entered and the Settlement Classes had never been certified; (iii) the terms of this Agreement and the fact that the Parties reached an agreement on resolution shall be inadmissible in any future proceedings; and (iv) Defendants shall have the right to contest the certification of any class herein or as otherwise may be sought in the Lawsuits.  Nothing herein shall preclude the Court from considering the merits of any motion for class certification.

E.      The Parties shall undertake reasonable best efforts, including all efforts and steps contemplated by and consistent with this Agreement, to effectuate and carry out the terms of this Agreement. No Party shall take any action that directly or indirectly interferes with the effort to obtain entry of the Preliminary Approval Order or Final Order and Judgment, except as specifically provided otherwise in this Agreement.

## VIII.   NOTICE TO SETTLEMENT CLASS MEMBERS

A.      Within thirty (30) days after Preliminary Approval of the Settlement as provided in Section VII above, Defendants shall provide to the Settlement Administrator information and documents in their possession and readily obtainable that include the name and last known address of each potential member of the Settlement Classes that they have been able to identify, after conducting a reasonable search and making a reasonable inquiry of their records. Any spreadsheets or other electronic documents will be provided in their native or similar machine-parsable format.

B.      Within fifty-five (55) days after Preliminary Approval of the Settlement, as provided in Section VII above, the Settlement Administrator will send a copy of the Individual Notice and a Claim Form by first-class mail to the last known address of all putative members of the Settlement Classes. For any Individual Notices returned as undeliverable, the Settlement Administrator will utilize the services of a commercial database resources entity (e.g., Accurint, TransUnion, IDI, etc.), and attempt to obtain current mailing addresses for such returned Individual Notice(s), and should the commercial database show a more current address, the Settlement Administrator shall re-send the returned Individual Notice to the more current address; *provided however*, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to re-send the Individual Notice(s) at least forty-five (45) days before the scheduled Final Approval Hearing, then the Settlement Administrator need not make any further efforts to provide further Individual Notice to such Settlement Class Member(s).

C.      The Individual Notice will be approved as to form and content by the Court and be substantially in the form attached hereto as **Exhibit "2,"** unless otherwise modified by agreement

of the Parties and approved by the Court. The mailing to the Settlement Class Members that contains the Individual Notice will also include a copy of the Claim Form, in a format substantially similar to **Exhibit "3".**

D.     The Individual Notice and Claim Form will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via first class U.S. mail any of these documents as requested from the Settlement Administrator by any potential Settlement Class Member.

E.     The Individual Notice and Claim Form and important deadlines will also be published on a website created by the Settlement Administrator relating to the Lawsuit, or as the Court may direct, and further information and details will be available at a toll-free number.

## IX.     SUBMISSION OF CLAIMS BY SETTLEMENT CLASS MEMBERS AND CLAIMS ADMINISTRATION

A.     To obtain the relief set forth in Section IV (B)-(C), Members of the Settlement Classes must timely submit a Claim Form in accordance with this Section.

B.     Claim Forms shall be included with the Individual Notices mailed to Settlement Class Members as provided in Section VIII above. In addition, the Settlement Administrator will provide Claim Forms to Settlement Class Members upon request, and Claim Forms will be published on a website created by the Settlement Administrator relating to the Lawsuit. Claim Forms may be submitted on behalf of deceased or incapacitated Settlement Class Members by their Legally Authorized Representatives, who must provide reasonable proof of their authority, as determined solely by the Settlement Administrator. Any rights to settlement payments under this Agreement shall inure solely to the benefit of Settlement Class Members and are not transferable or assignable to others.

C.     Claim Forms must affirm that the information contained in it (name and address of the Settlement Class Member) correctly identifies an individual who meets the definition of a Settlement Class Member and be completed under the penalty of perjury. Claim Forms must be mailed to the address of the Settlement Administrator as specified in the Claim Form, and postmarked, or electronically submitted as provided on the website, no later than sixty (60) days after the date the Individual Notice is issued by the Settlement Administrator (the "Claims Deadline"). Claim Forms will not be considered if they are postmarked or received after the Claims Deadline.

D.     The Settlement Administrator shall be responsible for reviewing all Claim Forms and for making a determination whether such Claim Forms are timely, complete, and under the penalty of perjury. For any deficient Claim Forms, the Settlement Administrator will assist the Settlement Class Members in curing the deficiency. Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement after an opportunity to cure any deficiencies, or is postmarked or electronically received later than the Claims Deadline shall be rejected. Following the Claims Deadline, the Settlement Administrator shall provide a report of all accepted or rejected claims to counsel for Defendants and Class Counsel.

E.      Participating Class Members who timely submit Claim Forms in accordance with this Section will be eligible to receive the relief set forth in Section IV(B) or (C) above, provided that: (i) a Participating Class Member in the Preneed Retail Merchandise Plan Settlement Class has agreed to cancel both agreements and has returned the merchandise purchased in the Retail Merchandise Agreement in substantially original condition and pursuant to the instructions on the Individual Notice; and (ii) a Participating Class Member in the TRPP Settlement Class has also agreed to cancel any Preneed Funeral Agreement and/or Retail Merchandise Agreement purchased for the same beneficiary, and has returned any merchandise under the Retail Merchandise Agreement, (in substantially original condition and pursuant to the instructions on the Individual Notice).

F.      For all Settlement Class Members who do not opt out of the Settlement or timely submit Claims Forms, Neptune and/or NCS will provide the beneficiary with entitlement to an online obituary, free of charge. Entitlement to the obituary will be noted in each Settlement Class Member's records, and it, along with the services the Settlement Class Member purchased, will be available to each Settlement Class Member at the time of need. This includes the services of Neptune or NCS personnel to work with families to craft the language of the obituary.

G.      All refunds due under the terms of this Settlement pursuant to Section IV(B) or (C) will be paid within ninety (90) days after the Effective Date.

## X.      REQUESTS FOR EXCLUSION/OPT OUT AND OBJECTIONS TO THE SETTLEMENT

A.      Any Settlement Class Member who wishes to exclude themselves from either of the Settlement Classes, thereby becoming an Opt-Out, must send a written request for exclusion, via First Class Mail to the Settlement Administrator no later than forty-five (45) days after the first date Notice is issued by the Settlement Administrator. To be effective, such a request must include: the above referenced case number; the Settlement Class Member's full name, address, and telephone number; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from whichever Settlement Class he or she is a member of, and the signature of the Settlement Class Member or, in the case of a Settlement Class Member who is deceased or incapacitated only, the signature of the Legally Authorized Representative of the Settlement Class Member.  The Opt-Out request must be postmarked within the forty-five day period set forth above. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the forty-five day period will be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Settlement Classes. Class Counsel shall file all opt outs with the Court by a date prior to the Final Approval Hearing to be determined by the Court.

B.      If the Opt-Out Request is submitted by someone other than the Settlement Class member,  the third-party signer (e.g. attorney, billing agent, or Legally Authorized Representative) must include the following attestations on the Opt-Out Request:

> I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out Request is submitted, has been provided a copy of and a reasonable opportunity to read the Class Notice and after

reviewing their own internal records to confirm that they are a Settlement Class Member specifically requested to be excluded from this Settlement Class.

I have also actually advised the Settlement Class Member of the salient terms of the Settlement Agreement, including the monetary terms of the Settlement Agreement and a comparison of recovery based on the monetary terms of the Settlement and what that proposed Settlement Class Member could expect without the Settlement set forth in the Settlement Agreement and that after a full consultation of this information, the proposed Settlement Class Member still desires to opt out of the Settlement.

C.      Settlement Class Members who do not timely request to opt out of the Settlement may object to the Settlement. Any Settlement Class Member who has any objection to certification of the Settlement Classes, or to approval of this Settlement or any terms hereof, or to the approval process, must make that objection by the following procedure:

(i)      the objection must be in writing;

(ii)      the objection must set forth all objections and the reasons therefore, and a statement whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without the objector's counsel. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Final Approval Hearing;

(iii)      the objection must be signed by the individual Settlement Class Member and by his/her/its counsel; an objection signed by counsel alone shall not be sufficient;

(iv)      the objection must contain the caption of the Lawsuit and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Settlement Class Member; and

(v)      the objection must be mailed to the Settlement Administrator and must be postmarked no later than thirty (30) days prior to the Final Approval Hearing. Class Counsel shall file all objections with the Court by a date prior to the Final Approval Hearing to be determined by the Court.

(vi)      Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection. Any Settlement Class Member who does not fully and timely comply with these procedures shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection (whether by appeal or otherwise) to the Settlement. Settlement Class Members have the right to exclude themselves from the Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth in subsection A, above. Settlement Class Members who object to the Settlement shall remain in the Settlement Classes and will have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class

15

Member(s) objects to the Settlement, and such objection is overruled in whole or in part, such Settlement Class Member(s) will be forever bound by the Final Order and Judgment of the Court.

## XI.    FINAL APPROVAL AND DISMISSAL WITH PREJUDICE

A.      After the completion of the mailing and publishing of Individual Notices and the passage of the deadlines for seeking exclusion from the Settlement Classes, Class Counsel will file a motion seeking the Court's final approval of the Settlement at a Final Approval Hearing to be held at the time, date, and location stated in the Individual Notice, and in the Preliminary Approval Order. Plaintiffs shall request that the Court enter final judgment substantially in the form of the Final Order and Judgment attached hereto as **Exhibit "4"** which will, among other things:

(i)        Find that the Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Agreement;

(ii)       Approve the Settlement without material alteration and direct the parties and counsel to comply with and consummate the terms of this Agreement;

(iii)      Certify the Settlement Classes for settlement purposes only;

(iv)      Find Class Counsel and Plaintiffs have adequately represented the Settlement Classes;

(v)       Find the terms of this Agreement are fair, reasonable, and adequate to the Settlement Classes;

(vi)      Provide that each member of the Settlement Classes shall be bound by the provisions of this Agreement, including the releases in Section VI, and that the Agreement shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and any and all other Settlement Class Members;

(vii)     Find that the mailing of the Individual Notice approved by the Court were the best practicable notice and satisfied the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Florida and United States Constitutions, and the requirements of any other applicable rules or law;

(viii)    Dismiss all claims in the Lawsuit on the merits and with prejudice, and enter final judgment thereon, without fees or costs to any party except as provided in this Agreement;

(ix)      Permanently enjoin Settlement Class Members who have not opted out from filing, commencing, prosecuting, continuing, intervening in, or participating in (as parties and/or class members) any action regarding any Preneed and Retail Merchandise Released Claim or TRPP Released Claim against any Released Person.

(x)       Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents as: (i) shall be consistent in all material respects with the Final Judgment; or (ii) do not limit the rights of Settlement Class Members;

(xi)       Without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose;

(xii)       Approve the payment of an Attorneys' Fee Award to Class Counsel in the amount of up to Five Million, Five Hundred Thousand Dollars ($5,500,000.00); and

(xiii)       Expressly incorporate the terms of this Settlement Agreement and provide that the Court retains continuing and exclusive jurisdiction over the Parties, the Settlement Class Members and this Settlement Agreement, to interpret, implement, administer and enforce the Settlement Agreement in accordance with its terms.

B.       The Parties to this Agreement further agree that any Party to this Agreement, counsel in any capacity in which they may act under the authority of the Agreement, and any employees, representatives, or agents of such law firms or the Parties to the Agreement (including, without limitation, the Settlement Administrator and those employees and independent contractors who may furnish services in connection with the proposed Settlement) shall not be liable for anything done or omitted in connection with the settlement called for in this Agreement, the prosecution and defense of the Lawsuit, and/or the claims administration process under it except for their own willful misconduct.  Neither Plaintiffs, Defendants, nor any of their counsel shall be liable for any act or omission of the Settlement Administrator.

## XII.   REPRESENTATION OF OPT OUTS

A.       Class Counsel and their firms agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person to submit written objections to the Settlement, requests for exclusion from the Settlement, or to encourage Settlement Class Members or any persons to appeal from the Preliminary Approval Order and/or the Final Order and Judgment.

## XIIII.  ADMINISTRATION EXPENSES

A.       Defendants shall pay all reasonable costs of Notice to the Settlement Classes, as described in Section VIII above, and all Administration Expenses contemplated by this Agreement, including the reasonable costs of printing, reproducing, and mailing the checks, forms, notices, and responses that they send in connection with the administration of the claims process described above.

## XIV.  ATTORNEYS' FEE AWARD

A.       Defendants recognize that Class Counsel shall be entitled to petition the Court for an award of their reasonable attorneys' fees incurred in the Lawsuit, subject to Court approval. Subject to Court approval, Defendants agree to pay an Attorneys' Fee Award in a total amount of Five Million, Five Hundred Thousand Dollars ($5,500,000.00). Class Counsel agree that they will not seek an Attorneys' Fee Award of more than Five Million, Five Hundred Thousand dollars ($5,500,000.00). Defendants agree not to oppose, or support or encourage anyone else's opposition to, any award of attorneys' fees equal to or less than Five Million, Five Hundred Thousand dollars

($5,500,000.00). The Attorneys' Fees shall be paid to Class Counsel directly and shall not reduce Class Members' recovery.  Class Counsel's petition for an Attorneys' Fee Award shall be filed no later than thirty (30) days prior to the deadline for objections set forth above in Section X(B). The payment of any Attorneys' Fee Award shall be separate from and in addition to any payments made to Settlement Class Members. Any Attorneys' Fee Award is subject to the approval of the Court. Each Party shall bear their own costs and expenses from the Litigation.

B.      Any approved Attorneys' Fee Award shall be payable to Class Counsel within sixty (60) days after the Effective Date of this Agreement. Other than as set forth in this Section XV(A) above, Class Counsel hereby waives, discharges and releases Defendants and counsel for Defendants of and from any and all other claims for attorneys' fees, costs, and/or expenses of litigation, in connection with any legal or other services provided by Class Counsel in the Lawsuit.

## XV.      <u>DISAPPROVAL OR TERMINATION OF THE SETTLEMENT</u>

A.      This Settlement Agreement shall terminate and cancel, without any further action from any Party, upon the occurrence of any of the following events:

(i)      The Court declines to enter the Preliminary Approval Order;

(ii)      The Final Approval Hearing is not held by the Court;

(iii)      The Final Order and Judgment approving the Settlement in materially the same terms as set forth herein and/or certifying the Settlement Classes as defined herein is not entered by the Court, or is reversed by a higher court;

or

(iv)      The Court declines to dismiss with prejudice all claims in the Lawsuit.

B.      Defendants will have the option, in their sole discretion, to void this Settlement Agreement and return the Parties back to their pre-settlement positions if more than ten percent (10%) of potential Settlement Class Members who are sent notice validly opt-out of the Settlement Classes.

C.      If the Settlement fails for any reason other than a breach by one of the Parties, or if this Agreement is automatically terminated or terminated by Defendants pursuant to Subsection B, above:

(i)      This Settlement Agreement and the Settlement shall have no further force or effect, and all proceedings that have taken place with regard to this Agreement and the Settlement shall be without prejudice to the rights and contentions of the parties hereto and any of the putative Settlement Class Members;

(ii)      This Settlement Agreement, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements and proceedings relating to them shall be without prejudice to the rights of any of the parties, each of

whom shall be restored to their respective positions existing immediately before settlement negotiations and the execution of this Settlement Agreement;

(iii)     This Settlement Agreement, any provision of this Settlement Agreement (including without limitation the provisions regarding class certification), and the fact of this Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

(iv)     Any judgment or order entered in the Lawsuit after the date of this Settlement Agreement, including, without limitation, any order certifying the Settlement Classes, will be vacated and will be without any force or effect in any action or proceeding. The Parties hereto agree they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Settlement Agreement; and

(v)     The Parties hereby agree they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that this Settlement Agreement and related pleadings and filings, any provision of this Settlement Agreement (including without limitation the provisions regarding class certification), the fact of this Settlement Agreement having been made, and any settlement negotiations preclude Defendants from opposing certification or the claims in the Lawsuit, or any other proceeding.

## XVI.  COURT TO RETAIN JURISDICTION

Notwithstanding any other provision of this Settlement Agreement, the Court shall retain continuing jurisdiction over the Lawsuit, the Settlement Classes, the Settlement Class Members, and the Settlement for the purposes of administering, supervising, construing and enforcing the Settlement.  Any disputes or controversies arising out of, or related to, the interpretation, implementation, administration, and enforcement of this Settlement Agreement will be made by motion to the Court. The Parties and each Settlement Class Member hereby submit and consent to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement Agreement.

## XVII.  DENIAL OF WRONGDOING; NO ADMISSION OF LIABILITY

A.     This Settlement Agreement, whether or not the Settlement becomes effective, is for settlement purposes only and is to be construed solely as a reflection of the Parties' desire to facilitate a resolution of the Lawsuit. The Defendants expressly deny that they have violated any duty to, breached any obligation to, committed any fraud on, or otherwise engaged in any wrongdoing with respect to the Class Representatives, the Settlement Classes, any Settlement Class Member, or any Opt Out, and expressly deny the allegations asserted in the Lawsuit and deny any and all liability related thereto. Neither this Settlement Agreement nor any actions undertaken by the Defendants or the Released Persons in the negotiation, execution, or satisfaction of this Settlement Agreement will constitute, or be construed as, an admission of any liability or wrongdoing, or recognition of the validity of any claim made by the Class Representatives, the Settlement Classes, any Settlement Class Member, or any Opt Out, or waiver of arbitration defenses for anything other than settlement purposes, in the Lawsuit, or any other action or proceeding.

B.      This Settlement Agreement and the Settlement provided for herein, are not, and shall not be construed to be, an admission by any Released Person of any validity of any of the claims asserted in the Lawsuit, the certifiability of any classes or of any liability to the Class Representatives, any Settlement Class Member, or anyone else, or of any wrongdoing whatsoever.

C.      The Parties specifically acknowledge and agree that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents shall be considered a compromise within the meaning of the Federal Rule of Evidence Rule 408. The Parties also agree that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against any Released Person: (i) to establish grounds for certification of any class involving any Settlement Class Member; or (ii) as evidence of any obligation that any Party hereto has or may have to anyone.

D.      The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely: (i) to enforce the terms and provisions hereof or thereof; (ii) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto; or (iii) to obtain Court approval of the Settlement.

## XVIII.   COOPERATION; ROLE OF CLASS

A.      The Parties will cooperate, assist, and undertake all reasonable actions to accomplish the steps contemplated by this Settlement Agreement and to implement the Settlement on the terms and conditions provided herein. The Parties agree to take all actions necessary to obtain final approval of the Settlement and entry of a Final Order and Judgment, including the terms and provisions described in this Settlement Agreement, and, upon final approval and entry of such order, an order dismissing the Lawsuit with prejudice as to the Class Representatives, the Settlement Classes, and each Settlement Class Member.

B.      The Parties and their counsel agree to support the final approval and implementation of this Settlement Agreement and defend it against objections, appeal, collateral attack or any efforts to hinder or delay its approval and implementation.

## XIX.   EFFECTIVE DATE

A.      The Effective Date of this Settlement shall be the first date on which all of the following statements are true:

(i)      All parties have executed this Agreement;

(ii)     No party has terminated the Agreement;

(iii)    The Court has preliminarily approved this Agreement and the Settlement;

(iv)     The Court has entered a Final Order and Judgment substantially in the form of **Exhibit "4"** hereto, approving this Agreement and the Settlement without material alteration, releasing all of the Released Persons from all of the Preneed and Retail Merchandise Released Claims and TRPP Released Claims, and dismissing the Lawsuit with prejudice and without leave to amend; and

(v)     Either: (i) The time to file an appeal from the Final Judgment has expired without the filing of any appeal(s) or (ii) if any appeal has been taken from the Final Judgment, then the date on which all appeals therefrom, including petitions for rehearing or reconsideration, petitions for rehearing *en banc*, and petitions for certiorari, or any other form of judicial review have been finally disposed of in a manner that affirms the Final Judgment without material alteration

## XX.    REPRESENTATIONS AND WARRANTIES

A.     Class Counsel represents and warrants as of the date this Agreement is executed that they have authority to enter into this Settlement Agreement on behalf of the Class Representatives and the members of the Settlement Classes.

B.     The Class Representatives represent and warrant as of the date this Agreement is executed that they:  (i) have agreed to serve as representatives of the Settlement Classes proposed to be certified herein; (ii) are willing, able, and ready to perform all of the duties and obligations as representatives of the Settlement Classes; (iii) are familiar with the pleadings in the Lawsuit, or has had the contents of such pleadings described to them; (iv) are familiar with the terms of this Settlement Agreement, including the exhibits attached to this Settlement Agreement, or has received a description of the Settlement Agreement, including the exhibits attached to this Settlement Agreement, from Class Counsel, and have agreed to its terms; (v) have consulted with, and received legal advice from, Class Counsel about the Lawsuit, this Settlement Agreement (including the advisability of entering into this Settlement Agreement and its Releases and the legal effects of this Settlement Agreement and its Releases), and the obligations of a representative of the Settlement Classes; (vi) have authorized Class Counsel to execute this Settlement Agreement on their behalf; and (vii) will remain in and not request exclusion from the Settlement Classes and will serve as representatives of the Settlement Classes until the terms of this Settlement Agreement are effectuated, this Settlement Agreement is terminated in accordance with its terms, or the Court at any time determines that such Class Representatives cannot represent the Settlement Classes.

C.     Each Defendant represents and warrants as of the date this Agreement is executed that:  (i) such Defendant has all requisite corporate power and authority to execute, deliver, and perform this Settlement Agreement; (ii) the execution, delivery, and performance of this Settlement Agreement by such Defendant has been duly authorized by all necessary corporate action; (iii) this Settlement Agreement has been duly and validly executed and delivered by such Defendant; and (iv) this Settlement Agreement constitutes a legal, valid, and binding obligation of such Defendant.

## XXI.   **NOTICES**

A.      Unless otherwise specified, any and all notices or other communications required or permitted to be given under any of the provisions of this Agreement shall be in writing and shall be deemed to have been duly given when personally delivered or delivered by nationally recognized overnight courier (e.g., FedEx) addressed to the parties at the addresses set forth below (or at such other address as any Party may specify by notice to the other Parties):

| | |
|---|---|
| If to Plaintiffs: | Randall P. Ewing, Jr. |
| | KOREIN TILLERY LLC |
| | 205 North Michigan Plaza, Suite 1950 |
| | Chicago, IL 60601 |
| | rewing@koreintillery.com |
| | |
| If to Defendants: | Service Corporation International |
| | Attn:  Albert Lohse and Mary Rose Browder |
| | P.O. Box 130548 |
| | Houston, Texas 77219 |
| | |
| With a copy to: | Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC |
| | Attn: Nicholas Panayotopoulos |
| | 3344 Peachtree Road |
| | Suite 2400 |
| | Atlanta, Georgia 30326 |
| | npanayo@wwhgd.com |

## XXII.   **MISCELLANEOUS**

A.      <u>Confidentiality of Information Relating to the Settlement.</u> The Parties will treat Confidential Information in conformity with strict confidence and will not disclose Confidential Information to any non-Party (who is not a Released Person) without the prior written consent of the Party that shared the Confidential Information, except:  (i) as required by applicable law, regulation, or by order or request of a court of competent jurisdiction, regulator, or self-regulatory organization (including subpoena or document request), provided that the Party that shared the Confidential Information is given prompt written notice thereof and, to the extent practicable, an opportunity to seek a protective order or other confidential treatment thereof, provided further that the Party subject to such requirement or request cooperates fully with the Party that shared the Confidential Information in connection therewith, and only such Confidential Information is disclosed as is legally required to be disclosed in the opinion of legal counsel for the disclosing Party; (ii) under legal (including contractual) or ethical obligations of confidentiality, on an as-needed and confidential basis to such Party's present and future accountants, counsel, insurers, or reinsurers; or (iii) with regard to any information that is already publicly known through no fault of such Party.  This Settlement Agreement, all exhibits hereto, any other documents filed in connection with the Settlement, and any information disclosed through a public court proceeding shall not be deemed Confidential Information.

B. <u>Entire Agreement</u>. This Settlement Agreement and its exhibits, attachments, and appendices will constitute the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, letters, conversations, agreements, term sheets, and understandings, whether written or oral, relating to the subject matter of this Settlement Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, agreement, arrangement, or understanding, whether written or oral, concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. Prior drafts shall not be used to construe this Agreement.

C. <u>Headings</u>. The headings used in this Settlement Agreement are intended for the convenience of the reader only and will not affect the meaning or interpretation of this Settlement Agreement in any manner. Any inconsistency between the headings used in this Settlement Agreement and the text of the Articles and Sections of this Settlement Agreement will be resolved in favor of the text.

D. <u>Incorporation of Exhibits</u>. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, any inconsistency between this Settlement Agreement and any attachments, exhibits, or appendices hereto will be resolved in favor of this Settlement Agreement.

E. <u>Amendments</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties. Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court.

F. <u>Mutual Preparation</u>. The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length. No Party or its counsel shall be considered the sole drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement. This Settlement Agreement will be deemed to have been mutually prepared by the Parties and will not be construed against any of them by reason of authorship.

G. <u>Extensions of Time</u>. The Parties may agree in writing, subject to approval of the Court where required, to reasonable extensions of time to implement the provisions of this Settlement Agreement.

H. <u>Execution in Counterparts</u>. This Settlement Agreement may be executed in counterparts, and a facsimile signature will be deemed an original signature for purposes of this Settlement Agreement.

I. <u>Waiver</u>. The waiver by any Party of any breach of this Settlement Agreement by another Party will not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

J.      <u>Governing Law</u>. This Agreement and the Releases herein shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida without regard to conflict of laws principles.

K.      <u>Severability</u>. Except as otherwise provided in this Agreement, if any term or provision of this Agreement is invalid, illegal, or unenforceable, then such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision or the Settlement; *provided, however*, that if any fundamental term or provision of this Agreement (including the terms set forth in Section VI (Releases), and Section X (Opt-Out), is declared invalid, illegal, or unenforceable, then the remainder of this Agreement and the Settlement contemplated herein shall be unenforceable. Upon a determination that any term or provision is invalid, illegal, or unenforceable before entry of the Final Order and Judgment, the Parties hereto shall negotiate in good faith to modify this Agreement to affect the original intent of the Parties.

L.      This Settlement Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned parties and/or counsel.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Settlement Agreement pursuant to the effective date stated hereinabove.

**[SIGNATURE PAGE FOLLOWS]**

NANCY TAYLOR, on behalf of herself, and
others similarly situated.

Hazel Benjamin, on behalf of himself/herself,
and others similarly situated.

By: _____

PRINT     Dolores Ramos

TITLE     Vice President

SCI DIRECT, INC.

By: _____

PRINT     Tim Nicholson

TITLE     President

NEPTUNE MANAGEMENT CORP.,
A/K/A NEPTUNE SOCIETY
MANAGEMENT CORPORATION

By: _____

PRINT     GARY SOBCZAK

TITLE     Vice President

NCS MARKETING SERVICES, LLC d/b/a
NATIONAL CREMATION SOCIETY

25

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

NANCY TAYLOR and HAZEL BENJAMIN,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

v.

SCI DIRECT, INC; NEPTUNE SOCIETY
MANAGEMENT CORPORATION, and
JOHN DOES 1-20,

        Defendants.

Case No. 0:20-cv-60709-RAR

CLASS ACTION
JURY TRIAL DEMANDED

**ORDER CERTIFYING SETTLEMENT CLASS AND
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

This matter is before the Court upon the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Having reviewed the Settlement Agreement dated September 7, 2022, between Plaintiffs, Nancy Taylor and Hazel Benjamin, individually and as representatives of the Settlement Classes defined below, and Defendants, SCI Direct, Inc. ("SCI Direct"), Neptune Society Management Corporation d/b/a Neptune Society ("Neptune") , and NCS Marketing Services, LLC d/b/a/ National Cremation Society ("NCS," and together with SCI Direct and Neptune "Defendants") (Plaintiffs, SCI Direct, Neptune and NCS may be referred to as a "Party" and collectively referred to as the "Parties") and each of its Exhibits; and the record in this case; and having conducted a preliminary approval hearing on _____, 2022, and being otherwise fully advised of all relevant details, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement is GRANTED as follows:

## **Preliminary Approval of the Proposed Settlement**

1.      The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332, including jurisdiction to approve and enforce the Settlement and all Orders that have been entered or which may be entered pursuant thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Classes defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

2.      The Individual Notice to the Settlement Classes, as provided in this Order, further supports the assertion of the Court's jurisdiction, and application of its orders and judgments, over the Settlement Classes. *See* Fed. R. Civ. P. 23; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) (mailed notice provides personal jurisdiction over class members, even those who reside in different states).

3.      The Court further finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations principally through well-known and experienced class-action mediators and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiffs' claims; (b) the proposed Settlement of this Action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of this Action and the proposed Settlement to the Settlement Class Members and holding a full hearing on the proposed Settlement.

## **Leave of Court to File Amended Complaint**

4.      Plaintiff Nancy Taylor requests to file a Third Amended Complaint, adding Plaintiff Hazel Benjamin and Defendant NCS, in order to effectuate a global settlement and for

settlement purposes only. Both the current Defendants and NCS do not object to this request. Defendants agree that the claims of Plaintiff Hazel Benjamin and other purchasers of Preneed Funeral Agreements, Retail Merchandise Agreements and/or Transportation and Relocation Protection Plans ("TRPP") from NCS begins as of the date of filing of the Third Amended Complaint. The Court finds that good cause exists to grant leave to file a Third Amended Complaint, which will advance the goals of a global resolution of this matter. Accordingly, the Court deems filed the proposed Third Amended Complaint, ECF No. __.

### Certification of the Settlement Classes

5.      For purposes of Settlement of this Action, and pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), this Action is certified as a class action on behalf of the following Settlement Classes:

**A. Preneed and Retail Merchandise Plan Settlement Class:**

All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan"), within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and all irrevocable preneed contracts.

AND

**B. TRPP Settlement Class:**

All persons who between April 1, 2016, and present purchased a Transportation and Relocation Protection Plan ("TRPP") from Defendants within the State of Florida ("Class Period"), excluding all TRPPs where the beneficiary has already been cremated or buried.

Excluded from these classes are Defendants, its affiliates, subsidiaries, agents, board members, directors, officers, and employees. Also excluded from the class are the district judge and magistrate judge assigned to this case, their staff, and their immediate family members.

6.     All terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

7.     The Court further finds for purposes of Preliminary Approval and for Settlement of this Action (and only for such purposes, and without an adjudication of the merits or a determination of whether any class should be certified if the Settlement is not approved or does not otherwise become final), that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met in that: (a) Members of the proposed Settlement Classes are so numerous as to make joinder of all Members impracticable; (b) there are questions of law or fact common to Members of the proposed Settlement Classes; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class Members they seek to represent; (e) questions of law or fact common to the proposed Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

8.     In making the findings herein, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997). Moreover, the Court does not need to address potential obstacles to certification, such as notices of intent to initiate litigation under Section 627.736 or individualized reasonableness issues, since the Parties have negotiated an alternative claims process under which a negotiated, agreed formula will be applied.

9.     In making these findings with respect to certification for settlement purposes of the Settlement Classes, the Court has also considered, among other factors: (i) the interests of members

of the Settlement Classes in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

10.     The Court appoints and designates Plaintiffs Nancy Taylor and Hazel Benjamin as the representatives of the Settlement Classes (as defined above) for the purpose of seeking approval of the Settlement of this Action and are referred to herein as "Plaintiffs" or "Class Representatives."

11.     The Plaintiffs' attorneys are hereby preliminarily approved as attorneys for the Settlement Classes for purposes of seeking approval of the Settlement of this Action and are referred to herein as "Class Counsel." Class Counsel for the Settlement Classes are as follows: Randall P. Ewing of Korein Tillery LLC; and Alec Schultz of Hilgers Graben, PLLC.

12.     The appointment of Angeion Group as the Settlement Administrator, as agreed in the Settlement Agreement, is approved for purposes of providing notice, administering requests for exclusion ("Opt-Out Requests"), administering and verifying claims, other communications with Settlement Class Members, and otherwise administering the proposed Settlement pursuant to the Settlement Agreement and the Order(s) of the Court.  The Parties and their representatives are authorized to share with the Settlement Administrator and opposing counsel confidential and privacy-protected business and personal information in connection with the administration of this Settlement. Such information shall remain confidential and private, shall not be used except in connection with the settlement of this case, and shall not be disclosed to any other person absent express authorization from the Court.

**<u>Final Approval Hearing</u>**

13.     A hearing (the "Final Approval Hearing") will be held on _____, 2022, at _____ a.m./p.m., for _____ [hours/minutes], in Courtroom _____ of this Court to determine, among other matters:

(a)     Whether this Action should be finally certified as a class action for settlement purposes;

(b)     Whether the proposed Settlement of this Action should be approved as fair, reasonable, and adequate;

(c)     Whether this Action should be dismissed on the merits and with prejudice pursuant to the terms of the Settlement;

(d)     Whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; and

(e)     Whether Class Counsel's application for an award of attorneys' fees and expenses should be approved.

14.     The Court anticipates ruling on the Motion for Final Approval no later than seven days after the Final Approval Hearing.

**<u>Pre-Hearing Notice to Settlement Class Members and the Settlement Website</u>**

15.     Pursuant to the terms of the Settlement Agreement, Defendants shall cause, through the Settlement Administrator, the Notice of Proposed Class Action Settlement and Final Approval Hearing (the "Individual Notice") to be provided to potential members of the Settlement Classes. The Court further directs the Settlement Administrator to follow the procedures set forth in the Settlement Agreement.

(a) **Individual Notice**. The Court approves the Individual Notice without material alteration from Exhibit "2" to the Settlement Agreement. Within thirty (30) days after Preliminary Approval of the Settlement, Defendants shall provide to the Settlement Administrator information and documents in their possession and readily obtainable that include the name and last known address of each potential member of the Settlement Classes that they have been able to identify, after conducting a reasonable search and making a reasonable inquiry of their records. Within fifty-five (55) days of entry of Preliminary Approval, or such time as the Parties may agree, the Settlement Administrator shall print and cause to be mailed by First-Class Mail, postage prepaid, the Individual Notice. Addresses of potential Settlement Class Members identified by Defendants will be run through the National Change of Address database (the "NCOA") prior to mailing. The Settlement Administrator shall check and update all class notice addresses pursuant to an NCOA review prior to mailing.

(b) **Re-mailing**. In the event that a mailing to a Settlement Class Member containing the Individual Notice is returned to the Settlement Administrator, the Settlement Administrator shall resend by First-Class Mail, postage prepaid, the Individual Notice to the forwarding address, if one is provided by the United States Postal Service. In the event that any Individual Notice is returned as undeliverable a second time, no additional mailing shall be required or performed by the Claims Administrator or the Parties. The Parties and their counsel shall not issue additional or supplemental notice absent the consent of all Parties and prior Court approval.

(c) **Proof of Mailing**. No later than fourteen (14) days before the Final Approval Hearing, the Parties or the Settlement Administrator shall file with the Court proof of

mailing of the Individual Notices. The Parties are not required to file a proof of receipt of the Individual Notices by Settlement Class Members pursuant to governing law.

(d)      **Settlement Website and Settlement Website Notice**. Notice shall also be provided by establishing a publicly available website containing a copy of the Individual Notice, Settlement Agreement, Claim Form, this Order, and such other supporting documents as set forth in the Settlement Agreement (the "Settlement Website"). The Court approves the Settlement Website and Settlement Website Notice as described in Section VIII (E) of the Settlement Agreement, with the Individual Notice as the Settlement Website Notice without material alteration from Exhibit 2 to the Settlement Agreement. The Settlement Website may be amended during the course of the Settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the conclusion of the Claims Period.

(e)      **Toll-Free Phone Number**. The Court directs the Claims Administrator to maintain a toll-free telephone system containing recorded answers to frequently asked questions and live operators.

(f)      **Post Office Box**. The Settlement Administrator shall maintain, and Defendants shall pay the costs incurred in maintaining, a post office box to be utilized for receiving correspondence and other communications from Settlement Class Members. Only the Settlement Administrator, Class Counsel, Defendants, Defendants' Counsel and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Settlement Agreement. The Settlement Administrator shall also promptly furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusions, motions to intervene, notices of intention to appear, and other communications that come into its possession except as expressly provided in the Settlement Agreement.

(g)     **Claim Form**. The Court approves the Claim Form without material alteration from Exhibit 3 to the Settlement Agreement for distribution to Settlement Class Members pursuant to the Settlement Agreement. The Court directs that the Claim Form be distributed with the Individual Notice.

To be considered for possible payment under the Settlement Agreement, Claim Forms must be postmarked or submitted on the Settlement Website no later than sixty (60) days after the first date that the Individual Notice is issued by the Settlement Administrator.  A Claim Form submitted on the Settlement Website or postmarked after this date shall be untimely and invalid. Claim Forms must contain the information and comply with the requirements set forth in the Settlement Agreement.

16.     Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Classes or appear individually, the Court finds that notice given in the form and manner provided in this Order meets the requirements of the Federal Rules of Civil Procedure, including Rule 23, and due process, and is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members (i) of the pendency and nature of this action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses and the terms of the proposed Settlement; (iv) the right to appear and object to the proposed Settlement; (v) the right to exclude themselves from the Settlement Classes; (vi) the time and manner for requesting exclusion from the Settlement Classes; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion. The Court further

finds that the Individual Notice is written in plain English and is readily understandable by Settlement Class Members.

In sum, the Court finds that the texts and methodology in the proposed Individual Notice and Settlement Website Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the Constitutions of the United States (including the Due Process Clause) and Florida, and any other applicable rules or law.

### Exclusion from Settlement Classes

17.     Any Settlement Class Member who wishes to be excluded from the Settlement Classes must comply with the terms set forth in the Settlement Agreement and timely submit an Opt-Out Request to the Settlement Administrator in the manner set forth below.

(a)     Opt-Out Requests must identify and include: (i) a prominent identifying reference to *Taylor* as follows: "*Nancy Taylor, et al. v. SCI Direct, Inc. et al.*, Case No. 0:20-cv-60709-RAR;" (ii) the customer's/Settlement Class Member's full legal name; (iii) the Settlement Class Member's address and telephone number; (iv) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from  whichever Settlement Class he or she is a member of; and (v) the signature of the Settlement Class Member or his or her Legally Authorized Representative, indicating the name and position of the signatory. No request for exclusion will be valid unless all of the information described in this paragraph is included.

(b)     A separate Opt-Out Request must be individually submitted by each person requesting exclusion from the Settlement. Any Opt-Out Request can only be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass. Opt-Out Requests may be submitted by a Settlement Class Member's individual Legally Authorized Representative

10

under the circumstances described herein and in the Settlement Agreement. Each Opt-Out Request must be individually submitted using First-Class U.S. Mail. In other words, only one Opt-Out Request may be submitted per envelope using First-Class U.S. Mail. No Opt-Out Request submitted via any other means will be accepted as valid.

(c)     If the Opt-Out Request is submitted by someone other than the Settlement Class Member, including the Settlement Class Member's Legally Authorized Representative, then the third-party signer must include the following attestations on the Opt-Out Request:

> I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out Request is submitted, has been provided a copy of and a reasonable opportunity to read the Class Notice and after reviewing their own internal records to confirm that they are a Settlement Class Member specifically requested to be excluded from this Settlement Class.

> I have also actually advised the Settlement Class Member of the salient terms of the Settlement Agreement, including the monetary terms of the Settlement Agreement and a comparison of recovery based on the monetary terms of the Settlement and what that proposed Settlement Class Member could expect without the Settlement set forth in the Settlement Agreement and that after a full consultation of this information, the proposed Settlement Class Member still desires to opt out of the Settlement.

(d)     Any written Opt-Out Request must be sent by First-Class mail, postage prepaid, and postmarked no later than forty-five (45) days after the first date Notice is issued by the Settlement Administrator, and addressed to the Settlement Administrator at the address identified in the Individual Notice.

(e)     Untimely Opt-Out Requests shall be invalid unless and until expressly accepted as valid by Defendants or the Court.

(f)     If the Opt-Out Request does not comply with the requirements of this Order and the Settlement Agreement, it is not valid.

18.     At least fourteen (14) days before the Final Approval Hearing, the Parties or Settlement Administrator shall file with the Court all valid Opt-Out Requests complying with this Order, and are therefore recognized Opt-Outs.

19.     If the proposed Settlement is approved, any Settlement Class Member who is not deemed by the Court as a recognized Opt-Out shall be bound by the Settlement Agreement and all subsequent proceedings, orders, and judgments in this action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement Agreement.

20.     Defendants will have the option, in their sole discretion, to void the Settlement Agreement and return the Parties back to their pre-settlement positions if more than 10% of potential Settlement Class Members who are sent notice validly opt out of the Settlement Classes.

### Objections

21.     A Settlement Class Member who has not excluded himself or herself from the Settlement Classes may submit a written objection for the Court's consideration, including without limitation objections to the final certification of the Settlement Classes, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representatives or by Class Counsel, or the request of Class Counsel for fees and expenses, in the manner set forth below.

(a)     Each objection must be in writing and include: (i) a prominent identifying reference to *Taylor* as follows: "*Nancy Taylor, et al. v. Service Corporation International*, Case No. 0:20-cv-60709-RAR"; (ii) the name and address of the Settlement Class Member objecting, and if represented by counsel, of his/her/their counsel; (iii) a statement listing all objections being made with specificity along with verification that the objector is a Settlement Class Member and identify which Settlement Class(es) the objector is a member; (iv) a statement indicating whether

the objector/Settlement Class Member intends to appear at the Final Approval Hearing (with or without counsel); (v) a statement as to whether the objector/Settlement Class Member is represented by counsel for purposes of objecting; (vi) a list of witnesses whom the objector may call by live testimony and copies of any documents or papers that the objector plans to submit; (vii) a list of all other proposed class settlements where the objector has submitted an objection in the last 5 years; and (viii) the objection must be signed by the objector; an objection signed by counsel alone shall not be sufficient.

(b)     The objection must be mailed to the Settlement Administrator no later than thirty (30) days prior to the Final Approval Hearing. Class Counsel shall file all objections with the Court no later than fourteen (14) days before the Final Approval Hearing.

(c)     Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel or the Defendants' Counsel prior to the Final Approval Hearing.

(d)     The right to object to the Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

22.     Any Settlement Class Member who does not timely file and serve a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees.

23.     The Parties, their agents or attorneys may not engage in any confidential negotiations to either: (i) withdraw objections; or (ii) pay any objector/Settlement Class Member

or their attorneys any compensation or fees. Neither Class Counsel, counsel for Defendants, the Parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of an objection. Neither the Parties, Class Counsel, nor counsel for Defendants may pay, or cause payment of, any fees to any objector/Settlement Class Member unless those fees have been approved by the Court.

**Appearances at the Final Approval Hearing**

24.     Any Settlement Class Member who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Final Approval Hearing, either in person or through counsel retained at the Settlement Class Member's expense, by complying with the requirements set forth in the Individual Notice.

25.     Any Settlement Class Member who does not timely comply with the requirements set forth in the Individual Notice shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

**Tolling**

26.     Because Settlement Class Members will be eligible to receive compensation through the Settlement instead of having to bring their own lawsuits and because bringing a separate lawsuit would be inconsistent with participation in the Settlement Class, the Court finds that the following tolling order is appropriate:

> The statute of limitations and all other presuit time limits shall be tolled until the Court either grants or denies final approval of the proposed Settlement and such order or judgment becomes final, provided that the tolling shall terminate ten (10) business days after submission of an Opt-Out Request, as indicated by the postmark date of such request submitted to the Settlement Administrator, with respect to any Settlement Class Member that submits a timely, written Opt-Out Request.

**Injunction**

27.     Pursuant to 28 U.S.C. § 1651, Federal Rule of Civil Procedure 23 and the Settlement Agreement, the Court hereby bars and enjoins all Settlement Class Members, unless and until they have timely and properly excluded themselves from the Settlement Classes, and any person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, from commencing, prosecuting, intervening in, or participating in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any claims or causes of action, or the facts and circumstances relating thereto, in this case and/or any of the Released Claims.

**Final Approval Hearing**

28.     A Final Approval Hearing shall be held at _____ a.m./p.m. on _____, 2022, for the purpose of determining, among other matters: (a) whether the Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (b) the merit of any objections to the Settlement; (c) the requested Attorneys' Fee Award to Class Counsel; and (d) entry of final judgment approving the Settlement. This hearing will be held at the United States Federal Building and Courthouse, located at 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301, in Courtroom _____. The Parties shall file their final submissions in support of final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23 on or before _____, 2022.

**Other Provisions**

29.     Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

30.     This Order shall become null and void *ab initio*, and this Order (and all proceedings that have taken place with respect to the Settlement Agreement) shall be without prejudice to the rights and contentions of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed settlement is not finally approved by the Court, or does not become final pursuant to the terms of the Settlement Agreement, or (b) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, (i) the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, (ii) neither the Settlement Agreement nor the Court's orders or findings therein, including this Order, shall be used or referred to for any purpose whatsoever in this or any other action or proceeding, including but not limited to class certification purposes, and (iii) the Parties and this case shall be restored to the status existing prior to execution of the Settlement Agreement.

31.     Defendants shall retain the right to communicate with and respond to inquiries from Settlement Class Members and persons who are sent the Individual Notice orally and/or in writing, and they may do so through any appropriate representatives, under the following terms and conditions:

(a)     During the notice and claims period following the date of this Order, the Defendants or their designees may in the ordinary course of business continue to process and respond to all inquiries or complaints from Settlement Class Members, notwithstanding the fact that certain inquiries may originate with Settlement Class Members or persons who are sent the Individual Notice.

(b)      Communications by the Defendants or their designees about the proposed settlement with Settlement Class Members who are sent the Individual Notice shall only be made jointly or in the presence of Class Counsel, or with Class Counsel's express consent, or as approved by this Court. However, Class Counsel may engage in privileged communications and other advice or respond to inquiries by Settlement Class Members, so long as such communications would not otherwise be inconsistent with the intent of this Subsection that communications similar in content to groups of Settlement Class Members or persons who are sent the Individual Notice be made jointly.

32.      This Order shall not be construed or used as an admission, concession, declaration, or finding by or against Defendants of any fault, wrongdoing, breach, liability, or waiver of arbitration defenses for anything other than settlement purposes or of the appropriateness of certifying a class for litigation purposes. Nor shall this Order be construed or used as an admission, concession, declaration, or finding by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have. Other than for purposes to enforce this Order or the Settlement Agreement, if finally approved, neither this Order nor the Settlement Agreement (or any communications or proceedings in connection therewith) shall be offered or received in evidence in this action or any other action or proceeding, or be used or asserted in any way as an admission, concession or evidence of any matter whatsoever except as necessary to enforce its terms. Neither the certification of the Settlement Classes nor the settlement of the Action shall be deemed an admission by Plaintiffs or their attorneys that a litigation class could not properly be certified in this Action, and Plaintiffs shall retain all rights to assert that the Action may be certified as a litigation class.

33.     No discovery (except for reasonable confirmatory discovery requested by Class Counsel) with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other Person, other than as may be directed by the Court upon a proper showing seeking such discovery by a motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure. All discovery and other proceedings in this case are further stayed until order of the Court, except as may be necessary to implement the Settlement, to comply with this Order, or to comply with the terms of the Settlement Agreement.

34.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Classes. The Court may further continue or adjourn the Final Approval Hearing without further written notice.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida this _____ day _____, 2022.

_____
Rodolfo A. Ruiz, II, Judge
United States District Court

cc: all attorneys of record

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Taylor, et. al. v. Service Corporation International, et al.*, Case No. 20-CV-60709-RAR
Website URL

**If you purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement, or purchased a Transportation and Relocation Protection Plan from Neptune Society or National Cremation Society in Florida from April 1, 2016, to present, a class action settlement may affect your rights.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*

• A settlement has been reached in a class action lawsuit against SCI Direct, Inc. ("SCI Direct"), Neptune Management Corp. a/k/a Neptune Society Management Corporation d/b/a Neptune Society ("Neptune"), and NCS Marketing Services, LLC d/b/a National Cremation Society ("NCS") (collectively referred to herein as "Defendants").

• The Settlement provides an opportunity for you to cancel your Agreements and receive a full refund of the purchase price paid if you return the benefits under the Agreements. If you remain in the Settlement, but do not cancel your Agreements for a refund, you will receive entitlement to a free online obituary from the Defendant with whom you contracted and your Agreements will otherwise remain in full force and effect.

• Your legal rights are affected whether you act or don't act, so please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Submit a Claim Form to receive the benefits provided under the Settlement. | Claims must be submitted by **DEADLINE**. |
| **EXCLUDE YOURSELF** | Write to the Settlement Administrator to opt out of the Settlement. This is the only option that allows you to be part of any other lawsuit, or your own lawsuit, against the Defendants about the legal claims released in this Settlement, but it means that you will not receive any of the benefits of this Settlement. | Requests for Exclusion must be postmarked by **DEADLINE**. |
| **OBJECT** | Write to the Settlement Administrator about why you do not like the Settlement. | Objections must be submitted to the Settlement Administrator and copies mailed postmarked by **DEADLINE**. |
| **GO TO A HEARING** | Ask to speak in Court to the judge about the Settlement. | The Court's Fairness Hearing is currently scheduled for **DATE**. |

**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

| DO NOTHING | Your Agreements will remain in full force and effect. You give up the right to cancel your Retail Merchandise Agreement and/or TRPP (as set forth below, you still retain the right to cancel your Preneed Funeral Agreement) under the Settlement and your right to be part of any other lawsuit against the Defendants about the legal claims released by the Settlement.<br><br>Receive entitlement to an online obituary from the Defendant you contracted with. | |

- These rights and options -- *and the deadlines to exercise them* -- are explained in this Notice.
- The Court in charge of this case still must decide whether to approve the Settlement before any benefits can be distributed.  Please be patient.

## 1.      Why is there a notice?

A Court has authorized this notice because you have a right to know about the proposed settlement of this class-action lawsuit, and your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the lawsuit, the proposed Settlement, and your legal rights.

The Honorable Rodolfo A. Ruiz, II, of the United States District Court, Southern District of Florida, is overseeing this class-action lawsuit, known as *Taylor, et. al. v. Service Corporation International, et al.*, Case No. 0:20-cv-60709-RAR.  Nancy Taylor and Hazel Benjamin, the people who brought this litigation, are called the "Plaintiffs" or "Class Representatives," and the companies they sued, SCI Direct, Inc., Neptune Management Corp. a/k/a Neptune Society Management Corporation d/b/a Neptune Society, and NCS Marketing Services, LLC d/b/a National Cremation Society are called the "Defendants."

## 2.      What is the lawsuit about?

Neptune and NCS are engaged in the sale of Preneed Funeral Agreements to provide preneed cremation services and Retail Merchandise Agreements to provide related merchandise throughout the State of Florida. On behalf of Medical Air Services Association of Florida, Inc. ("MASA"), Neptune and NCS also engaged in the sale of Transportation and Relocation Protection Plans ("TRPP") throughout the State of Florida to provide membership in a transportation services plan should the purchaser or beneficiary relocate or be outside of seventy-five (75) miles of his or her residence at the time of passing.  Plaintiffs allege in the Lawsuit that Defendants violated Florida's Funeral Act, Chapter 497, Florida Statutes, by, among other things, misrepresenting to customers the different statutory rights applicable to preneed services and related merchandise. Plaintiffs also allege that Defendants engaged in unfair and deceptive practices in their marketing and sale of the TRPP by, among other things, materially misrepresenting their financial interest in the sale. Among other things, Plaintiffs ask the Court for the option to rescind some or all of their contracts and all contracts of all those similarly situated.

The Defendants have asserted substantial legal and factual defenses against Plaintiffs' claims, and deny Plaintiffs' allegations in the Lawsuit. Defendants deny that Plaintiffs' proposed classes may be certified except for settlement purposes and deny any liability to the Plaintiffs, Settlement Classes, or any Settlement Class Member, for any

**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

claims, causes of action, costs, expenses, attorneys' fees, or damages of any kind.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called "Class Representatives" assert claims on behalf of people who have similar claims.  All of these people are the "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who timely exclude themselves from (or "opt out" of) the Class.  The Class Representatives in the Action are the Plaintiffs identified above.

| 4. | Why is there a Settlement? |
|---|---|

All parties have agreed to a Settlement to avoid further cost and risk of a trial, and so that the people affected can begin getting benefits in exchange for releasing the Defendants from liability for the claims that were raised or could have been raised in the lawsuit.  The Court did not decide which side was right.  The Class Representatives and the lawyers representing them think the Settlement is fair and reasonable for the Class.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

If you have received this Notice, you are a Member of one or both of the following Settlement Classes:

**A. Preneed and Retail Merchandise Plan Settlement Class:**
All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan") within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and irrevocable preneed contracts.

**B. TRPP Settlement Class:**
All persons who, between April 1, 2016 and the present, purchased a TRPP from Neptune or NCS, within the State of Florida, excluding all TRPPs where the beneficiary has already been cremated or buried.

Also excluded from the Settlement Classes are: (i) SCI Direct, Neptune, NCS, and any of their employees, officers, or directors; (ii) members of the judiciary and their staff to whom these actions are assigned; and (iii) Counsel for the Parties.

| 6. | What are the benefits of the Settlement? |
|---|---|

The Settlement provides the following benefits to Settlement Class Members:

Participating Class Members of the **Preneed and Retail Merchandise Plan Settlement Class** (defined above) will have the option to cancel both their Retail Merchandise Agreement and Preneed Funeral Agreement and receive a full refund of the purchase price paid for each agreement, less any amounts previously refunded. This extended right of cancellation for purchasers of the Retail Merchandise Agreement is contingent upon the Participating Class Member returning the merchandise received (in substantially original condition) under that agreement and giving up their rights under their other Agreement(s). A Participating Class Member cannot exercise this extended right to cancel the Retail Merchandise Agreement without also cancelling the Preneed Funeral Agreement.

Participating Class Members of the **TRPP Settlement Class** (defined above) will have the option to cancel their TRPP and receive a full refund of the purchase price paid for that agreement, less any amounts previously refunded. This extended right of cancellation is contingent upon the Participating Class Member also cancelling any Preneed Funeral Agreement and/or Retail Merchandise Agreement he or she purchased for the same

**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

beneficiary as the TRPP from Neptune or NCS. In order to cancel their TRPP, all of the Participating Class Member's agreements with NCS or Neptune for the same beneficiary must also be cancelled (and the merchandise must be returned in substantially original condition), and he or she will receive a full refund of the purchase price paid for all the cancelled agreements.

**Return of Merchandise:**  Class Members who timely submit a Claim Form as set forth below will receive a prepaid shipping label for the return of their merchandise.  They should pack and ship the merchandise using the prepaid label.

**Free Obituary for Class Members Who Choose Not to Cancel:** To the extent Settlement Class Members choose not to submit a claim to cancel their Agreements, Neptune or NCS will provide the beneficiary with entitlement to an online obituary, free of charge.  This includes the services of Neptune or NCS personnel to work with families to craft the language of the obituary. Settlement Class Members do not need to submit a Claim Form to receive this benefit.

### 7.  Notice of Additional Statutory Cancellation Rights

As part of this Settlement, Defendants have agreed to provide the following notice herein to Settlement Class Members of the statutory right for purchasers of Preneed Funeral Agreements to cancel those agreements:

Unless your Preneed Funeral Agreement has been made irrevocable, it may be cancelled at any time prior to receipt of the services by giving written notice to the seller. Upon providing such notice you shall be entitled to a refund for unused services, as provided in more detail by law. See Fla. Stat. § 497.459(1)-(2).

### 8.     What am I giving up in exchange for the Settlement benefits?

If the Settlement becomes final, Settlement Class Members will be releasing the Defendants and the Released Persons from all of the Released Claims described and identified Class Action Settlement Agreement and Release. Please visit **URL** to view the Class Action Settlement Agreement and Release.

### 9.     How do I get the benefits of the Settlement?

If you are a Settlement Class Member and would like to cancel your Agreements and receive a refund of the purchase price you paid (if you return the benefits under the Agreements), you need to complete a Claim Form. You may submit a Claim Form online via the Settlement Website at **URL**. You may also download a Claim Form from the Settlement Website and mail your completed Claim Form to the Settlement Administrator. A Claim Form is also included with this Notice.

Claim Forms must be mailed postmarked or submitted online no later than **DEADLINE.**

If you chose not to cancel your Agreements, the Defendant you contracted with will provide you with entitlement to an online obituary, free of charge.  Entitlement to the obituary will be noted in your records, and it, along with the services you purchased, will be available to you at the time of need. You do not need to submit a Claim Form to receive this benefit.

### 10.     When will I get the Settlement benefits?

The Court will hold a hearing on **DATE** at **TIME**, to decide whether to grant final approval to the settlement.  If the Court approves the settlement, there may be objections.  It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them.  As soon as possible after all objections (if any) have been

**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

resolved and the Court grants final approval of the settlement, prepaid labels for the return of merchandise will be sent to Participating Class Members who have submitted valid and timely Claim Forms. Once the merchandise has been returned (in substantially original condition), refund payments will be distributed to Participating Class Members.

Settlement Class Members who choose not to submit a Claim Form to cancel their agreements will receive the entitlement to an online obituary, free of charge, as soon as possible after the Court grants final approval.

| 11. | Can I exclude myself from this Settlement? |
| --- | --- |

Yes.  If you want to keep the right to sue or if you are already suing the Defendants in another action over the legal issues in this case, then you must take steps to opt out of this Settlement.  This is called asking to be excluded from – sometimes called "opting out" of – the Settlement.

| 12. | If I exclude myself, can I get anything from this Settlement? |
| --- | --- |

No.  If you ask to be excluded, you cannot object to the Settlement and you will not receive any of the benefits of the Settlement.  But you may sue, continue to sue, or be part of a different lawsuit against the Defendants in the future, including for claims that this Settlement resolves.  You will not be bound by anything that happens in this lawsuit.

| 13. | If I don't exclude myself, can I sue later? |
| --- | --- |

No.  Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this Settlement resolves.

| 14. | How do I exclude myself from the Settlement? |
| --- | --- |

Settlement Class Members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. mail a personally signed letter including (a) their full name; (b) current address; (c) telephone number; (d) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from whichever Settlement Class he or she is a member of; (e) their signature or, in the case of a Settlement Class Member who is deceased or incapacitated only, the signature of the Legally Authorized Representative of the Settlement Class Member; and (f) the case name and case number (*Taylor v. Service Corporation International, et al.*, Case No. 0:20-cv-60709-RAR).

Requests for exclusion must be mailed to the Settlement Administrator at the address below, postmarked on or before **DEADLINE**.

Taylor v. Service Corporation International
c/o Settlement Administrator
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

Failure to comply with any of these requirements for excluding yourself may result in you being bound by this Settlement.

| 15. | Do I have a lawyer in the case? |
| --- | --- |

Yes, the Court has appointed the following attorneys as Class Counsel for the Settlement Classes:

**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

| | |
|---|---|
| Alec H. Schultz<br>HILGERS GRABEN PLLC<br>1221 Brickell Avenue, Suite 900<br>Miami, Florida 33131 | Randall P. Ewing, Jr.<br>KOREIN TILLERY LLC<br>205 North Michigan Plaza, Suite 1950<br>Chicago, IL 60601 |

You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| **16.** | **How will the lawyers be paid?** |
|---|---|

Class Counsel will make a motion to the Court for an Attorneys' Fee Award which will be paid by the Defendants if the settlement is approved and will not affect the relief sought to class members under this Settlement. Class Counsel will seek no more than $5,500,000 in Attorneys' Fees to be paid by Defendants if approved by the Court.

| **17.** | **How do I tell the Court if I don't like the Settlement?** |
|---|---|

Settlement Class Members who do not timely request to opt out of the Settlement may object to the Settlement. Any Settlement Class Member who has any objection to certification of the Settlement Classes, or to approval of this Settlement or any terms hereof, or to the approval process, must make that objection by the following procedure:

1.  The objection must be in writing;

2.  The objection must set forth all objections and the reasons therefore, and a statement whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without the objector's counsel. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Final Approval Hearing;

3.  The objection must be signed by the individual Settlement Class Member and by his/her/its counsel; an objection signed by counsel alone shall not be sufficient;

4.  The objection must contain the caption of the Lawsuit and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Settlement Class Member; and

5.  The objection must be mailed to the Settlement Administrator at the address below and must be postmarked no later than **Deadline Date**. Class Counsel shall file all objections with the Court by a date prior to the Final Approval Hearing to be determined by the Court.

6.  Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection. Any Settlement Class Member who does not fully and timely comply with these procedures shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection (whether by appeal or otherwise) to the Settlement. Settlement Class Members who object to the Settlement shall remain in the Settlement Classes and will have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class Member(s) objects to the Settlement, and such objection is overruled in whole or in part, such Settlement Class Member(s) will be forever bound by the Final Order and Judgment of the Court.

Mail your completed objection, postmarked no later than **Deadline Date** to: Taylor, et. al. v. Service Corporation International, et. al., c/o Settlement Administrator, Attn: Objections, P.O. Box 58220, Philadelphia,

**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

PA 19102.

| **18.** | **What's the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement.  Excluding yourself is telling the Court that you don't want to be part of the Settlement, and thus do not want to receive any benefits from the Settlement.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

| **19.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement on **DATE** at **TIME** in Courtroom **XX** located at **COURT ADDRESS**.  At this hearing, Judge Ruiz will determine whether the Settlement is fair, adequate, and reasonable and whether the objections by Settlement Class Members, if any, have merit.  If you have filed an objection on time, you may attend and ask to speak, but you don't have to. However, Judge Ruiz will only listen to people who have asked to speak at the hearing.  At this hearing, Judge Ruiz will also decide the attorney's fees for the lawyers representing the Settlement Classes.  We do not know how long the Court's decision will take, and the hearing date may change. Please visit **URL** for updates.

| **20.** | **Do I need to go to the hearing?** |
|---|---|

No.  Settlement Class Counsel will answer any questions Judge Ruiz may have, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mail your valid written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but that's not required.

| **21.** | **May I speak at the hearing?** |
|---|---|

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must indicate so when you submit your objection (see  Question 17 above).  You cannot speak at the hearing if you have excluded yourself from the Settlement.

| **22.** | **What if I do nothing?** |
|---|---|

If you do nothing, your agreements will remain in full force and effect. You will give up give up the right to cancel your Retail Merchandise Agreement and/or TRPP and receive a refund for the amounts paid for these Agreements. (you still retain the right to cancel your Preneed Funeral Agreement). You also give up the right to be part of any other lawsuit against the Defendants about the legal claims released by the Settlement. You will receive entitlement to an electronic obituary from the Defendant you contracted with, free of charge.

| **23.** | **Are there more details about the Settlement?** |
|---|---|

This notice summarizes the proposed Settlement.  More details are in the Class Action Settlement and Release, available at **URL**. You may also contact the Settlement Administrator by mail, email or phone:

Mail:   Taylor, et. al., v. Service Corporation International, et. al., c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103
Email: **EMAIL ADDRESS**
Phone: **(XXX) XXX-XXXX**


**QUESTIONS?  VISIT URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Taylor, et. al. v. Service Corporation International, et al.*, Case No. 20-CV-60709-RAR
<mark>Website URL</mark>

## CLAIM FORM INSTRUCTIONS

This Claim Form is for Settlement Class Members and you are in one or both of the Settlement Classes defined below:

    **A.  Preneed and Retail Merchandise Plan Settlement Class:**

    All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan"), within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and irrevocable preneed contracts.

    **B.  TRPP Settlement Class:**

    All persons who, between April 1, 2016 and the present, purchased a Transportation and Relocation Protection Plan "TRPP" from Neptune or NCS, within the State of Florida, excluding all TRPPs where the beneficiary has already been cremated or buried.

    Also excluded from the Settlement Classes are: (i) SCI Direct, Neptune, NCS, and any of their employees, officers, or directors; (ii) members of the judiciary and their staff to whom these actions are assigned; and (iii) Counsel for the Parties.

## How To Complete This Claim Form

1. There are two ways to submit this Claim Form to the Settlement Administrator: (a) online at <mark>Website URL</mark>; or (b) by U.S. Mail to the following address: <mark>Address</mark>.  Your Claim Form must be submitted by **<mark>Deadline Date</mark>**. If you submit your claim by U.S. mail, make sure the completed and signed Claim Form is postmarked by **<mark>Deadline Date</mark>**.

2. You must complete the entire Claim Form.  Please type or write your responses legibly.

3. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information.

4. You may only submit one Claim Form.

5. If you have any questions, please contact the Settlement Administrator by email at <mark>Email Address</mark>, by telephone at <mark>1-XXX-XXX-XXXX</mark>, or by U.S. mail at the address listed above.

6. **You must notify the Settlement Administrator if your contact or payment information changes after you submit your Claim Form.**

7. **IF YOU DO NOTHING** – If you do not opt out of the Settlement or timely submit Claims Forms, your Agreements will remain in full force and effect, and Neptune and/or NCS will provide the beneficiary with entitlement to an online obituary, free of charge.  This includes the services of Neptune or NCS personnel to

work with families to craft the language of the obituary. You will also give up your rights to sue Defendants for the claims in the Lawsuit.

8. **DEADLINE --** If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by **Deadline Date**. If submitting a Claim Form online, you must do so by **Deadline Date.**

| | | |
|---|---|---|
| **Your claim must be submitted online or postmarked by:** **Deadline Date** | **UNITED STATES DISTRICT COURT** **SOUTHERN DISTRICT OF FLORIDA** *Taylor, et. al. v. Service Corporation International, et al.* Case No. 20-CV-60709-RAR **Website URL** **Claim Form** | **SCI** |

## I. YOUR CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

| |
|---|
| **First Name** |

| |
|---|
| **Last Name** |

| |
|---|
| **Street Address** |

| |
|---|
| **City** |

| |
|---|
| **State** |

| |
|---|
| **Zip Code** |

(     )          -
**Current Phone Number**

| |
|---|
| **Email Address** |

## II. LEGALLY AUTHORIZED REPRESENTATIVE

**Complete this section only if you are completing this Claim Form on behalf of a Settlement Class Member as his/her/their Legally Authorized Representative.**

"Legally Authorized Representative" means an administrator/ administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate, a guardian, conservator, or next friend of an incapacitated Settlement Class Member or any other legally appointed Person or entity responsible for the handling of the business affairs of a Settlement Class Member.

**Is the person you are completing the Claim Form on behalf of deceased or incapacitated?**

Yes ☐

No ☐

2

**What is the nature of your legal representation of this person?***

_____

*Submit documentation to support your legal representation

**Provide the following information about the Settlement Class Member:**

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| (    )    - | |
| **Phone Number** | **Email Address** |

---

## III. REFUND INFORMATION

---

| | |
|---|---|
| Do you want to cancel your Preneed Funeral Agreement and Retail Merchandise Agreement  (and give up any benefits otherwise owed to you under such Agreements) you have purchased from Neptune or NCS, return the merchandise purchased in the Retail Merchandise Agreement and  receive a full refund of the purchase price paid? (Merchandise must be in substantially original condition. Refer to the Individual Notice for instructions on returning merchandise) | Yes ☐ <br><br> No ☐ |
| If you bought a TRPP, do you want to cancel it, along with any Preneed Funeral Agreement and Retail Merchandise Agreement (and give up any benefits otherwise owed to you under such Agreements) you have purchased from Neptune or NCS, and receive a full refund of the purchase price paid?  In order to cancel your TRPP, all of your Agreements with NCS or Neptune for the same beneficiary must also be canceled and the merchandise must be returned. (Merchandise must be in substantially original condition. Refer to the Individual Notice for instructions on returning merchandise) | Yes ☐ <br><br> No ☐ |

3

## IV. AFFIRMATION AND SIGNATURE

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that I am the person identified above and the information provided in this Claim Form is true and correct.


_____          _____
Signature                                  Date

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

NANCY TAYLOR and HAZEL BENJAMIN,
on behalf of themselves and all others similarly
situated,                                              Case No.: 20-CV-60709-RAR

        Plaintiffs,

   v.

SERVICE CORPORATION
INTERNATIONAL, et al.,

        Defendants.

===

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASSES FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL FOR SETTLEMENT PURPOSES, AWARDING CLASS COUNSEL ATTORNEYS' FEES AND DISMISSING ACTION WITH PREJUDICE

===

This matter is before the Court upon the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), Plaintiffs' Brief in Support of the Motion for Final Approval, Class Counsel's Application for Attorneys' ("Class Counsel's Application for Fees").  The Court has reviewed the Settlement Agreement dated September 7, 2022, between Plaintiffs, Nancy Taylor and Hazel Benjamin, individually and as representatives of the Settlement Classes defined below, and Defendants, SCI Direct, Inc. ("SCI Direct"), Neptune Society Management Corporation d/b/a Neptune Society ("Neptune"), and NCS Marketing Services, LLC d/b/a/ National Cremation Society ("NCS") (SCI Direct, Neptune and NCS may be collectively referred to as "Defendants") (Plaintiffs, SCI Direct, Neptune and NCS may be collectively referred to as a "Party" and collectively referred to as the "Parties"), Plaintiffs' Brief in Support of Motion for Final Approval, Class Counsel's Brief in Support of

their Application for Attorneys' Fees, all exhibits and evidence submitted therewith, and all other evidence of record, and has heard arguments of counsel during the Final Settlement Approval Hearing on _____.

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Motion for Final Approval and Class Counsel's Application for Fees, and having reviewed and considered the files and records herein, and all other evidence admitted into evidence at the Final Settlement Approval Hearing, and being otherwise fully advised of all relevant details, finds and concludes as follows:

1.      Plaintiffs and Defendants have executed and filed a Class Action Settlement Agreement and Release ("Settlement Agreement"), and exhibits thereto with the Court on September 7, 2022. The Settlement Agreement is hereby incorporated by reference in this Order and all terms defined in the Settlement Agreement shall have the same meanings in this Order.

2.      The Settlement Agreement provides for the settlement of this Lawsuit with Defendants on behalf of the representative Plaintiffs and the members of the Settlement Classes, subject to final approval by this Court.

3.      On _____, 2022, the Court held a Preliminary Approval Hearing to consider the preliminary approval of the Settlement Agreement. The Court, on _____, 2022, entered the Preliminary Approval Order, preliminarily approving the Settlement, preliminarily certifying, for settlement purposes only, this Lawsuit as a class action, and scheduling a hearing for final approval of the settlement for _____, 2022 at _____.m. ("Final Approval Hearing") to determine, among other things: (a) whether the Settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be finally approved by the Court; (b) whether a final

2

judgment should be entered herein; and (c) whether Class Counsel's Application for Attorneys' Fees should be granted.

4.      The Court ordered the Individual Notice and Claim Form, in the forms attached to the Settlement Agreement as Exhibits "2" and "3", be mailed by the Settlement Administrator, _____, by first-class mail, postage prepaid, on or before _____, 2022 (the "Notice Mailing Date") to all potential Settlement Class Members whose names were ascertained by Defendants through a reasonable search of Defendants' data at their last known address, with address updating and verification where reasonably available, and that the website be implemented on or before the Notice Mailing Date.

5.      The parties and the Settlement Administrator have satisfactorily demonstrated that such Individual Notice was given in accordance with the terms of the Preliminary Approval Order.

6.      On or about _____, 2022, Plaintiffs moved the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support of that Motion, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of Individual Notice, evidence regarding the names of Settlement Class Members who have submitted timely and valid requests for exclusion from the Settlement Classes and/or objections to the Settlement Classes, evidence regarding the negotiation of the Settlement, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Settlement, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Fees.  In Support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support of Motion for Final Approval and Class Counsel's

Application for Fees, both of which set forth extensive argument and authority along with various Exhibits attached thereto.

7.      In accordance with the Individual Notice, the Final Approval Hearing was duly held before this Court on _____, 2022. At the Final Approval Hearing, the Court considered, among other things: (a) whether certification for settlement purposes only was appropriate under Federal Rule of Civil Procedure 23 ("FRCP 23"); (b) the fairness, reasonableness, and the adequacy of the Settlement Agreement and the relief provided thereunder; and (c) the fairness and reasonableness of Class Counsel's Application for Attorneys' Fees under applicable law. At the Final Approval Hearing, the Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Settlement Agreement and Class Counsel's Application for Attorneys' Fees by considering not only the pleadings and arguments of Plaintiffs, Class Counsel and Defendants and their counsel, but also by rigorously and independently evaluating the Settlement Agreement and the relief provided thereunder and Class Counsel's Application for Fees on behalf of the absent class members, and as such, the Court considered any argument that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Attorneys' Fees, even if such argument was not actually presented to the Court by pleading or oral argument.

8.      By performing this independent analysis of the Motion for Final Approval and Class Counsel's Application for Fees, the Court has considered and protected the interests of all absent Settlement Class Members under FRCP 23.

9.      The Individual Notice advised Settlement Class Members of the method by which a Settlement Class Member could request exclusion from the Settlement and pursue an

independent legal remedy against Defendants. All Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against Defendants.

10.     Any Settlement Class Member who failed to request exclusion under the terms of the Individual Notice voluntarily waived the right to pursue an independent remedy against Defendants and is be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Settlement Classes and the Settlement Class Members.

11.     The Individual Notice advised Settlement Class Members of the method by which a Settlement Class Member could properly file objections and request to be heard at the Final Approval Hearing. The Individual Notice also advised Settlement Class Members that they could remain a member of the class and assert objections, if desired, to the settlement at the Final Approval Hearing.

12.     [The Court heard and considered any objections that were presented by Objectors at the Final Approval Hearing and hereby OVERRULES all such objections]. OR [No valid and timely objections were submitted or filed prior to the Final Approval Hearing.]

13.     Plaintiffs offered into evidence at the Final Approval Hearing the following evidence in support of the Unopposed Motion for Final Approval and Class Counsel's Application for Fees:

| Exhibit No. | Description |
|---|---|
| 1 | Affidavit of [CLASS REPRESENTATIVE(S)] |
| 2 | Affidavit of [ATTORNEY FOR PLAINTIFF] |
| 3 | Affidavit of [ADMINISTRATOR REPRESENTATIVE] |
| 4 | Order Preliminarily Approving Class Settlement |

| 5 | Settlement Agreement |
|---|---|

14.     As part of its Preliminary Approval Order, the Court certified for settlement purposes Settlement Classes defined as follows:

**Preneed and Retail Merchandise Plan Settlement Class**:

All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan"), within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and all irrevocable preneed contracts.

**TRPP Settlement Class:**

All persons who, between April 1, 2016 and the present, purchased a TRPP from Neptune or NCS, within the State of Florida, excluding all TRPPs where the beneficiary has already been cremated or buried.

Also excluded from the Settlement Classes are: (i) SCI Direct, Neptune, NCS, and any of their employees, officers, or directors; (ii) members of the judiciary and their staff to whom these actions are assigned; and (iii) Counsel for the Parties.

The Court hereby affirms these definitions of the Settlement Classes for purposes of this Final Order and Judgment and certifies this Lawsuit, for settlement purposes only, as a Class Action. In so doing, the Court finds, for settlement purposes only, the Lawsuit meets all the requirements of FRCP 23, due process and all other applicable rules and law and can therefore be certified as a settlement class action.

15.     On _____, 2022, the parties provided evidence that the Individual Notice, and website, all of which informed members of the Settlement Classes of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Classes, and of their opportunity to object to the terms of the Settlement, were disseminated in accordance with the Preliminary Approval Order.

16. Specifically, the Court received and admitted affidavits from _____, setting forth the scope and results of the notice campaign. Additionally, the Court was provided with testimony at the Final Approval Hearing concerning the adequacy of the notice program.

17. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes the Individual Notice as disseminated to members of the Settlement Classes in accordance with provisions of the Preliminarily Approval Order, together with the posting of the Settlement Agreement, Individual Notice, Claim Form, Preliminary Approval Order, and frequently asked questions on the settlement website: (a) constituted the best notice practicable; (b) were reasonably calculated to apprise potential members of the Settlement Classes of the pendency of the Lawsuit, their right to object or exclude themselves from the Settlement and to appear at the Final Approval Hearing, and their right to file a claim to seek the relief provided in the Settlement Agreement; (c) were reasonable and constitute due, adequate, and sufficient notice to all individuals entitled to receive notice; and (d) met all requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Florida and United States Constitutions, and requirements of any other applicable rules or law.

18. Accordingly, the Individual Notice as disseminated is finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of the Lawsuit and of the Settlement Agreement has been provided to members of the Settlement Classes, and the Court further finds and concludes that the notice program described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of FRCP 23, the requirements of due process under the Florida and United States Constitutions, and the requirements of any other applicable rules or law. The Court further finds

that the notice campaign undertaken concisely and clearly states in plain, easily understood language:

    (a)    the nature of the action;

    (b)    the definition of the classes certified;

    (c)    the class claims, issues or defenses;

    (d)    the relief provided through the Settlement, and the process by which Settlement Class Members could file a Claim to obtain the relief;

    (e)    that a Settlement Class Member may object to the settlement and the process for doing so;

    (f)    that a Settlement Class Member may enter an appearance and participate at the Settlement Final Approval Hearing in person or through counsel if the member so desires;

    (g)    that the Court will exclude from the class any Settlement Class Member who requests exclusion, stating when and how members may elect to be excluded;

    (h)    the date and time of the Settlement Final Approval Hearing; and

    (i)    the binding effect of the class judgment on Settlement Class Members.

19.    Having admitted and reviewed the evidence at the Final Approval Hearing concerning the success of the notice campaign, the Court finds that it is unnecessary to afford any additional opportunity to request exclusion to individual Settlement Class Members who had an earlier opportunity to request exclusion, but did not do so.

20.    The Final Approval Hearing and the evidence before the Court clearly support a finding that the Settlement Agreement was entered into in good faith between the Plaintiffs and Defendants, and the Court does hereby so find.

21.     The Court finds that the Settlement Agreement is the result of a good faith arm's length negotiation by the Parties thereto. In addition, the Court finds that approval of the Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to members of the Settlement Classes based on formal and informal discovery, due diligence, and the absence of material objections sufficient to deny approval.

22.     The settlement of the Lawsuit on the terms and conditions set forth in the Settlement Agreement is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interest of the Settlement Classes and Settlement Class Members, especially in light of the benefits to the Settlement Classes and the costs and risks associated with the continued prosecution, trial and possible appeal of this complex litigation.

23.     The Court, in its evaluation of the fairness, reasonableness, and adequacy of the Settlement Agreement and Class Counsel's Application for Fees, considered all objections that were filed or that could have been raised by any absent Settlement Class Member.

24.     The claim process as set forth in the Settlement Agreement is fair, reasonable and adequate to both Settlement Class Members and Defendants. Any Settlement Class Member who did not submit a Claim Form in compliance with the claims process set forth in Section IX of the Settlement Agreement or, alternatively, who did not request exclusion from the Settlement Classes in accordance with Section X of the Settlement Agreement, is forever barred from asserting a Preneed Services and Retail Merchandise Released Claim or TRPP Released Claim against a Released Person (as those terms are defined in the Settlement Agreement) in any other action or proceeding.

25.     Defendants have agreed to pay, and Class Counsel has requested Attorneys' Fees in the amount of Five Million, Five Hundred Thousand dollars ($5,500,000.00). Any Attorneys' Fee Award will be paid separate from and in addition to any other payments to the Settlement Class Members. Class Counsel's requests for Five Million, Five Hundred Thousand dollars ($5,500,000.00) in attorneys' fees and expenses are fair, reasonable and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFORE, IT IS **ORDERED, ADJUDGED AND DECREED** THAT:

1.     The Court possesses jurisdiction over the subject matter of the Lawsuit, the Plaintiffs, Defendants, members of the Settlement Classes, and the Released Persons.

2.     The Court certifies the Settlement Classes, for Settlement purposes only, under Fed. R. Civ. P. 23 and all other applicable rules and law.

3.     The objections to the Settlement, if any, are hereby overruled.

4.     Timely requests for exclusion were submitted by _____ potential members of the Settlement Classes and those potential Settlement Class Members (identified in Exhibit "1" hereto) are excluded from the Settlement Classes. All other potential members of the Settlement Classes are adjudged to be members of the Settlement Classes and are bound by this Final Order and Judgment and by the Settlement Agreement embodied therein, including the releases provided for in the Settlement Agreement and this Final Order and Judgment.

5.     The provisions of the Settlement Agreement are fair, reasonable and adequate to the Settlement Classes, and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The parties to the Settlement Agreement are hereby directed to comply with and consummate the Settlement Agreement in accordance with its terms.

6.      The Court finds that Class Counsel and the Class Representatives adequately, appropriately, and fairly represented and protected the interests of the Settlement Classes for the purposes of entering into and implementing the Settlement.  Accordingly, the Court confirms its appointment of the following Class Counsel as counsel for the Settlement Classes pursuant to Fed. R. Civ. P. 23(g):

> Randall P. Ewing, Jr.
> **KOREIN TILLERY LLC**
> 205 North Michigan Plaza, Suite 1950
> Chicago, IL 60601
> Phone: (312) 641-9750
> rewing@koreintillery.com
>
> Alec H. Schultz
> **HILGERS GRABEN PLLC**
> 1221 Brickell Avenue, Suite 900
> Miami, Florida 33131
> Phone: 305.630.8304
> aschultz@hilgersgraben.com

7.      The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, and all members of the Settlement Classes are bound by the terms of the Settlement Agreement and are forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances alleged in the Lawsuit and/or the Preneed and Retail Merchandise Released Claims and/or the TRPP Released Claims against the Released Persons, including, but not limited to, Defendants.  Accordingly, any future claims arising out of the conduct alleged in the Third Amended Class Action Complaint and claims released herein are barred by res judicata. There shall be no limited to the res judicata effect of this Final Order and Judgment. Any person in contempt of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

8.      The Court finds that the other requirements for certification of the Settlement Classes under Fed. R. Civ. P. 23 have been met.

9.      The  mailing of the Individual Notice approved by the Court was the best practicable notice and satisfied the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Florida and United States Constitutions, and the requirements of any other applicable rules or law

10.      Upon the entry of this Final Order and Judgment, each Settlement Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Preneed and Retail Merchandise Released Claims and TRPP Released Claims.

11.      The Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents as: (a) shall be consistent in all material respects with the Final Order and Judgment; or (b) do not limit the rights of any Settlement Class Members.

12.      The Settlement Agreement and this Final Order and Judgment are not deemed admissions of liability or fault by the Defendants or other Released Persons, or a finding of the validity of any claims in the Lawsuit, of any wrongdoing or violation of law by the Defendants or other Released Persons, or of the certifiability of any classes except for settlement purposes. The Settlement Agreement is not a concession or admission by the Parties of any material fact, and  neither  this  Final  Order  and  Judgment  nor  the  Settlement  Agreement  or  any  other documents, exhibits or materials submitted in furtherance of the Settlement, shall be offered or received  in  evidence  in  any  action  or  proceeding  in  any  court,  administrative  panel  or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any

12

nature on the part of the Released Persons, as an admission or concession that this action may properly be maintained as a litigation class, or for any other purpose, or as waiver of arbitration defenses for anything other than settlement purposes.  Nothing in this paragraph shall affect or bar the Parties from using these documents to enforce terms of the Settlement.

13.     Neither the Settlement Agreement, nor the negotiations of the Settlement, nor the Settlement procedures, nor any act, statement or document related in any way to the Settlement negotiations or settlement procedures, nor any pleadings, or other document or action related in any way to the Settlement Agreement shall be: (a) offered into evidence in in any other case or proceeding in support of or in opposition to a motion to certify a contested class; or (b) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class.

14.     Pursuant to Class Counsel's Application for Attorneys' Fees the Court awards Class Counsel the sum of Five Million, Five Hundred Thousand dollars ($5,500,000.00) in attorneys' fees. Defendants shall pay such fees to Class Counsel pursuant to the terms of the Settlement Agreement. The Court hereby finds that this amount is fair and reasonable.

15.     As soon as reasonably possible after the completion of all payments to Participating Class Members eligible for payment pursuant to the Settlement Agreement, the parties shall file with the Court a final report, together with a proposed order approving such report, indicating that distribution in accordance with the terms of the Settlement Agreement and the Court's prior Orders have been completed.

16.     If the Settlement does not become final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including Section

XVI), this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement.

17.     The terms of the Settlement Agreement are expressly incorporated herein. Without in any way affecting the finality of this Final Order and Judgment for purposes of appeal, this Court shall retain continuing jurisdiction over the Lawsuit for purposes of:

A.     All matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and Final Order and Judgment; and

B.     Any other matters necessary or appropriate to protect or effectuate this Court and the Final Order and Judgment.

18.     There is no just reason to delay the entry of this Final Order and Judgment, an immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida this _____ day _____, 2022.

_____
Rodolfo A. Ruiz, II, Judge
United States District Court

cc: all attorneys of record