UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60709-RAR

**NANCY TAYLOR**, *on behalf of*
*herself and all others similarly situated*,

      Plaintiff,

v.

**SERVICE CORPORATION**
**INTERNATIONAL**, *et al.*,

      Defendants.

_____/

**ORDER CERTIFYING SETTLEMENT CLASS AND**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement [ECF No. 129], filed on September 7, 2022.  The Court held

a preliminary approval hearing on September 19, 2022.  [ECF No. 132].  Having reviewed the

Class Action Settlement Agreement and Release [ECF No. 129-1] dated September 7, 2022

between Plaintiffs, Nancy Taylor and Hazel Benjamin, individually and as representatives of the

Settlement Classes defined below, and Defendants, SCI Direct, Inc. ("SCI Direct"), Neptune

Society Management Corporation d/b/a Neptune Society ("Neptune"), and NCS Marketing

Services, LLC d/b/a/ National Cremation Society ("NCS," and together with SCI Direct and

Neptune "Defendants") and each of its Exhibits, the record in this case, the requirements of law,

and being otherwise fully advised of all relevant details, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement is **GRANTED** as set forth herein.

**Preliminary Approval of the Proposed Settlement**

1.      At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness."  4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09–60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010).  Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness.  *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

2.      The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332, including jurisdiction to approve and enforce the Settlement and all Orders that have been entered or which may be entered pursuant thereto.  The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Classes defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.      The Individual Notice to the Settlement Classes, as provided in this Order, further supports the assertion of the Court's jurisdiction, and application of its Orders and judgments, over the Settlement Classes.  *See* FED. R. CIV. P. 23; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812–13 (1985) (mailed notice provides personal jurisdiction over class members, even those who reside in different states).  The Individual Notice is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this Action, class certification, and the terms of

the Settlement.  The Individual Notice satisfies all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

4.      The Court further finds that: (a) the proposed Settlement Classes meet the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes; (b) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (c) the proposed Settlement resulted from extensive arm's-length negotiations principally through well-known and experienced class-action mediators and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiffs' claims and is not the result of collusion such that a presumption of fairness is appropriate for the purposes of preliminary settlement approval; (d) the proposed Settlement of this Action is within the range of reasonableness and makes available valuable consideration commensurate with the alleged harm; (e) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of this Action and the proposed Settlement to the Settlement Class Members and holding a full hearing on the proposed Settlement; and (f) good cause exists to schedule and conduct a Final Approval Hearing to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order.

**Leave of Court to File Amended Complaint**

5.      Plaintiff Nancy Taylor requests to file a Third Amended Complaint, adding Plaintiff Hazel Benjamin and Defendant NCS, in order to effectuate a global settlement and for settlement purposes only.  Both the current Defendants and NCS do not object to this request. Defendants agree that the claims of Plaintiff Hazel Benjamin and other purchasers of Preneed Funeral Agreements, Retail Merchandise Agreements and/or Transportation and Relocation

Protection Plans ("TRPP") from NCS begins as of the date of filing of the Third Amended Complaint.  The Court finds that good cause exists to grant leave to file a Third Amended Complaint, which will advance the goals of a global resolution of this matter.  Accordingly, Plaintiff shall file a Third Amended Complaint forthwith.

### Certification of the Settlement Classes

6.      It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted).  In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since settlement, if approved, would obviate the need for a trial.  *Id.* at 671–72; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

7.      The Court finds, for purposes of Settlement of this Action, and pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), that this Action should be provisionally certified as a class action on behalf of the following Settlement Classes:

**A.  Preneed and Retail Merchandise Plan Settlement Class:**

All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan"), within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and all irrevocable preneed contracts.

AND

**B. TRPP Settlement Class:**

All persons who between April 1, 2016, and present purchased a Transportation and Relocation Protection Plan ("TRPP") from Defendants within the State of Florida ("Class Period"), excluding all TRPPs where the beneficiary has already been cremated or buried.

Excluded from these classes are Defendants, its affiliates, subsidiaries, agents, board members, directors, officers, and employees. Also excluded from the class are the District Judge and Magistrate Judge assigned to this case, their staff, and their immediate family members.

8.      All terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

9.      The Court further finds for purposes of Preliminary Approval and for Settlement of this Action (and only for such purposes, and without an adjudication of the merits or a determination of whether any class should be certified if the Settlement is not approved or does not otherwise become final), that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met in that:

(a)      <u>Numerosity</u>:  Defendants agree that the Settlement Classes are comprised of thousands of Members each.  *See* Mem. in Supp. of Unopposed Mot. for Prelim. Approval of Class Action Settlement [ECF No. 130] at 12.  Members of the proposed Settlement Classes are so numerous as to make joinder of all members impracticable.

(b)      <u>Commonality</u>:  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (citation omitted).  Here, there are questions of law or fact common to Members of the proposed Settlement Classes that

would generate common answers central to the viability of the claims were this case litigated.  The commonality requirement is thus satisfied.

(c)  <u>Typicality</u>:  The claims of the Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent because they concern the same alleged practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied.  *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)  <u>Adequacy</u>:  Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue.  *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001).  The Plaintiffs and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class Members they seek to represent because there are no conflicts of interest between Plaintiffs and the Settlement Classes, and Plaintiffs have retained competent counsel to represent them and the Settlement Classes. Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Classes in the Action.  *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)  <u>Predominance and Superiority</u>:  Rule 23(b)(3) is satisfied because the questions of law or fact common to the proposed Settlement Class Members predominate over any questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the Action.  With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member."  *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (second alteration in original) (internal quotation marks omitted).  Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Classes in a single adjudication.  In a liability determination, those common issues would predominate over any questions affecting only individual members.  Moreover, each member of the Settlement Classes has claims that arise from the same or similar alleged practices as well as the same legal theories.

10.     This Court's findings are for settlement purposes only, and shall not constitute, nor be construed as, evidence and/or an admission on the part of Defendants that this action, or any other proposed or certified class action, meets the requirements of Rule 23, or otherwise is appropriate for class treatment pursuant to the Rules of Civil Procedure for litigation purposes. *Borcea*, 238 F.R.D. at 677.

11.     In making the findings herein, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case.  *See Amchem Prods., Inc.*, 521 U.S. at 620.  Moreover, the Court does not need to address potential obstacles to certification, or individualized reasonableness issues, since the Parties have negotiated an alternative claims process under which a negotiated, agreed potential refund process will be followed.

12.     In making these findings with respect to certification for settlement purposes of the Settlement Classes, the Court has also considered, among other factors:  (i) the interests of

members of the Settlement Classes in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

13.     The Court appoints and designates Plaintiffs Nancy Taylor and Hazel Benjamin as the representatives of the Settlement Classes (as defined above) for the purpose of seeking approval of the Settlement of this Action and are referred to herein as "Plaintiffs" or "Class Representatives."

14.     The Plaintiffs' attorneys are hereby preliminarily approved as attorneys for the Settlement Classes for purposes of seeking approval of the Settlement of this Action and are referred to herein as "Class Counsel."  Class Counsel for the Settlement Classes are as follows: Randall P. Ewing of Korein Tillery LLC; and Alec Schultz of Hilgers Graben, PLLC.

15.     The appointment of Angeion Group as the Settlement Administrator, as agreed in the Settlement Agreement, is approved for purposes of providing notice, administering requests for exclusion ("Opt-Out Requests"), administering and verifying claims, other communications with Settlement Class Members, and otherwise administering the proposed Settlement pursuant to the Settlement Agreement and the Order(s) of the Court.  The Parties and their representatives are authorized to share with the Settlement Administrator and opposing counsel confidential and privacy-protected business and personal information in connection with the administration of this Settlement.  Such information shall remain confidential and private, shall not be used except in connection with the settlement of this case, and shall not be disclosed to any other person absent express authorization from the Court.

**Final Approval Hearing**

16.     A hearing ("Final Approval Hearing") will be held on **January 19, 2023, at 10:00 A.M.** for two hours, in Courtroom 205C of this Court to determine, among other matters:

(a)     Whether this Action should be finally certified as a class action for settlement purposes;

(b)     Whether the proposed Settlement of this Action should be approved as fair, reasonable, and adequate;

(c)     Whether this Action should be dismissed on the merits and with prejudice pursuant to the terms of the Settlement;

(d)     Whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; and

(e)     Whether Class Counsel's application for an award of attorneys' fees and expenses should be approved.

17.     The Court anticipates ruling on the Motion for Final Approval no later than fourteen (14) days after the Final Approval Hearing.

**Pre-Hearing Notice to Settlement Class Members and the Settlement Website**

18.     The Court finds that the Notice of Proposed Class Action Settlement and Final Approval Hearing (the "Individual Notice") is the best practicable under the circumstances. Pursuant to the terms of the Settlement Agreement, Defendants shall cause, through the Settlement Administrator, the Individual Notice to be provided to potential members of the Settlement Classes.  The Court further directs the Settlement Administrator to follow the procedures set forth in the Settlement Agreement.

(a)     **Individual Notice**.   The Court approves the Individual Notice without material alteration from Exhibit 2 to the Settlement Agreement.   Within thirty (30) days after Preliminary Approval of the Settlement, Defendants shall provide to the Settlement Administrator information and documents in their possession and readily obtainable that include the name and last known address of each potential member of the Settlement Classes that they have been able to identify, after conducting a reasonable search and making a reasonable inquiry of their records. Within fifty-five (55) days of entry of Preliminary Approval, or such time as the Parties may agree, the Settlement Administrator shall print and cause to be mailed by First-Class Mail, postage prepaid, the Individual Notice.   Addresses of potential Settlement Class Members identified by Defendants will be run through the National Change of Address database (the "NCOA") prior to mailing.  The Settlement Administrator shall check and update all class notice addresses pursuant to an NCOA review prior to mailing.

(b)     **Re-mailing**.   In the event that a mailing to a Settlement Class Member containing the Individual Notice is returned to the Settlement Administrator, the Settlement Administrator shall resend by First-Class Mail, postage prepaid, the Individual Notice to the forwarding address, if one is provided by the United States Postal Service.   In the event that any Individual Notice is returned as undeliverable a second time, no additional mailing shall be required or performed by the Claims Administrator or the Parties.   The Parties and their counsel shall not issue additional or supplemental notice absent the consent of all Parties and prior Court approval.

(c)     **Proof of Mailing**.   No later than fourteen (14) days before the Final Approval Hearing, the Parties or the Settlement Administrator shall file with the Court proof of

mailing of the Individual Notices.  The Parties are not required to file a proof of receipt of the Individual Notices by Settlement Class Members pursuant to governing law.

(d)     **Settlement Website and Settlement Website Notice**.  Notice shall also be provided by establishing a publicly available website containing a copy of the Individual Notice, Settlement Agreement, Claim Form, this Order, and such other supporting documents as set forth in the Settlement Agreement (the "Settlement Website").  The Court approves the Settlement Website and Settlement Website Notice as described in Section VIII (E) of the Settlement Agreement, with the Individual Notice as the Settlement Website Notice without material alteration from Exhibit 2 to the Settlement Agreement.  The Settlement Website may be amended during the course of the Settlement as appropriate and agreed to by the Parties, and shall be maintained for at least 180 days after the conclusion of the Claims Period.

(e)     **Toll-Free Phone Number**.  The Court directs the Settlement Administrator to maintain a toll-free telephone system containing recorded answers to frequently asked questions and live operators.

(f)     **Post Office Box**.  The Settlement Administrator shall maintain, and Defendants shall pay the costs incurred in maintaining, a post office box to be utilized for receiving correspondence and other communications from Settlement Class Members.  Only the Settlement Administrator, Class Counsel, Defendants, Defendants' Counsel and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Settlement Agreement.  The Settlement Administrator shall also promptly furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusions, motions to intervene, notices of intention to appear, and other communications that come into its possession except as expressly provided in the Settlement Agreement.

(g)    **Claim Form**.  The Court approves the Claim Form without material alteration from Exhibit 3 to the Settlement Agreement for distribution to Settlement Class Members pursuant to the Settlement Agreement.  The Court directs that the Claim Form be distributed with the Individual Notice.

To be considered for possible payment under the Settlement Agreement, Claim Forms must be postmarked or submitted on the Settlement Website no later than sixty (60) days after the first date that the Individual Notice is issued by the Settlement Administrator.  A Claim Form submitted on the Settlement Website or postmarked after this date shall be untimely and invalid.  Claim Forms must contain the information and comply with the requirements set forth in the Settlement Agreement.

19.    Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Classes or appear individually, the Court finds that notice given in the form and manner provided in this Order meets the requirements of the Federal Rules of Civil Procedure, including Rule 23, and due process, and is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members (i) of the pendency and nature of this action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses and the terms of the proposed Settlement; (iv) the right to appear and object to the proposed Settlement; (v) the right to exclude themselves from the Settlement Classes; (vi) the time and manner for requesting exclusion from the Settlement Classes; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion.  The Court further

finds that the Individual Notice is written in plain English and is readily understandable by Settlement Class Members.

In sum, the Court finds that the texts and methodology in the proposed Individual Notice and Settlement Website Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the Constitutions of the United States (including the Due Process Clause) and Florida, and any other applicable rules or law.

### Exclusion from Settlement Classes

20.    Any Settlement Class Member who wishes to be excluded from the Settlement Classes must comply with the terms set forth in the Settlement Agreement and timely submit an Opt-Out Request to the Settlement Administrator in the manner set forth below.

(a)    Opt-Out Requests must identify and include:  (i) a prominent identifying reference to *Taylor* as follows: "*Nancy Taylor, et al. v. SCI Direct, Inc. et al.*, Case No. 0:20-cv-60709-RAR;" (ii) the customer's/Settlement Class Member's full legal name; (iii) the Settlement Class Member's address and telephone number; (iv) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from whichever Settlement Class he or she is a member of; and (v) the signature of the Settlement Class Member or his or her Legally Authorized Representative, indicating the name and position of the signatory.  No request for exclusion will be valid unless all of the information described in this paragraph is included.

(b)    A separate Opt-Out Request must be individually submitted by each person requesting exclusion from the Settlement.  Any Opt-Out Request can only be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass. Opt-Out Requests may be submitted by a Settlement Class Member's individual Legally

Authorized Representative under the circumstances described herein and in the Settlement Agreement. Each Opt-Out Request must be individually submitted using First-Class U.S. Mail. In other words, only one Opt-Out Request may be submitted per envelope using First-Class U.S. Mail. No Opt-Out Request submitted via any other means will be accepted as valid.

(c)     If the Opt-Out Request is submitted by someone other than the Settlement Class Member, including the Settlement Class Member's Legally Authorized Representative, then the third-party signer must include the following attestations on the Opt-Out Request:

> I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out Request is submitted, has been provided a copy of and a reasonable opportunity to read the Class Notice and after reviewing their own internal records to confirm that they are a Settlement Class Member specifically requested to be excluded from this Settlement Class.

> I have also actually advised the Settlement Class Member of the salient terms of the Settlement Agreement, including the monetary terms of the Settlement Agreement and a comparison of recovery based on the monetary terms of the Settlement and what that proposed Settlement Class Member could expect without the Settlement set forth in the Settlement Agreement and that after a full consultation of this information, the proposed Settlement Class Member still desires to opt out of the Settlement.

(d)     Any written Opt-Out Request must be sent by First-Class mail, postage prepaid, and postmarked no later than forty-five (45) days after the first date Notice is issued by the Settlement Administrator and addressed to the Settlement Administrator at the address identified in the Individual Notice.

(e)     Untimely Opt-Out Requests shall be invalid unless and until expressly accepted as valid by Defendants or the Court.

(f)     If the Opt-Out Request does not comply with the requirements of this Order and the Settlement Agreement, it is not valid.

21.     At least fourteen (14) days before the Final Approval Hearing, the Parties or Settlement Administrator shall file with the Court all valid Opt-Out Requests complying with this Order, and are therefore recognized Opt-Outs.

22.     If the proposed Settlement is approved, any Settlement Class Member who is not deemed by the Court as a recognized Opt-Out shall be bound by the Settlement Agreement and all subsequent proceedings, Orders, and judgments in this action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement Agreement.

23.     Defendants will have the option, in their sole discretion, to void the Settlement Agreement and return the Parties back to their pre-settlement positions if more than 10% of potential Settlement Class Members who are sent notice validly opt out of the Settlement Classes.

**Objections**

24.     A Settlement Class Member who has not excluded himself or herself from the Settlement Classes may submit a written objection for the Court's consideration, including without limitation objections to the final certification of the Settlement Classes, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representatives or by Class Counsel, or the request of Class Counsel for fees and expenses, in the manner set forth below.

(a)     Each objection must be in writing and include:  (i) a prominent identifying reference to *Taylor* as follows: "*Nancy Taylor, et al. v. Service Corporation International*, Case No. 0:20-cv-60709-RAR"; (ii) the name and address of the Settlement Class Member objecting, and if represented by counsel, of his/her/their counsel; (iii) a statement listing all objections being made with specificity along with verification that the objector is a Settlement Class Member and identifying which Settlement Class(es) the objector is a member of; (iv) a statement indicating

whether the objector/Settlement Class Member intends to appear at the Final Approval Hearing (with or without counsel); (v) a statement as to whether the objector/Settlement Class Member is represented by counsel for purposes of objecting; (vi) a list of witnesses whom the objector may call by live testimony and copies of any documents or papers that the objector plans to submit; (vii) a list of all other proposed class settlements where the objector has submitted an objection in the last 5 years; and (viii) the signature of the objector; an objection signed by counsel alone shall not be sufficient.

(b)   The objection must be mailed to the Settlement Administrator no later than thirty (30) days prior to the Final Approval Hearing.  Class Counsel shall file all objections with the Court no later than fourteen (14) days before the Final Approval Hearing.

(c)   Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel or the Defendants' Counsel prior to the Final Approval Hearing.

(d)   The right to object to the Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

25.   Any Settlement Class Member who does not timely file and serve a written objection in the manner described in this Order shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees.

26.   The Parties, their agents or attorneys may not engage in any confidential negotiations to either: (i) withdraw objections; or (ii) pay any objector/Settlement Class Member

or their attorneys any compensation or fees.  Neither Class Counsel, counsel for Defendants, the

Parties, nor their representatives may pay any compensation to any person or their attorney in

exchange for withdrawal of an objection.  Neither the Parties, Class Counsel, nor counsel for

Defendants may pay, or cause payment of, any fees to any objector/Settlement Class Member

unless those fees have been approved by the Court.

### Appearances at the Final Approval Hearing

27.     Any Settlement Class Member who files and serves a timely, written objection

pursuant to the terms of this Order may also appear at the Final Approval Hearing, either in person

or through counsel retained at the Settlement Class Member's expense, by complying with the

requirements set forth in the Individual Notice.

28.     Any Settlement Class Member who does not timely comply with the requirements

set forth in the Individual Notice shall not be permitted to appear at the Final Approval Hearing,

except for good cause shown.

### Tolling

29.     Because Settlement Class Members will be eligible to receive compensation

through the Settlement instead of having to bring their own lawsuits and because bringing a

separate lawsuit would be inconsistent with participation in the Settlement Class, the Court finds

that the following tolling order is appropriate:

> The statute of limitations and all other presuit time limits shall be
> tolled until the Court either grants or denies final approval of the
> proposed Settlement and such order or judgment becomes final,
> provided that the tolling shall terminate ten (10) business days after
> submission of an Opt-Out Request, as indicated by the postmark
> date of such request submitted to the Settlement Administrator, with
> respect to any Settlement Class Member that submits a timely,
> written Opt-Out Request.

### Injunction

30.     Pursuant to 28 U.S.C. § 1651, Federal Rule of Civil Procedure 23 and the Settlement Agreement, the Court hereby bars and enjoins all Settlement Class Members, unless and until they have timely and properly excluded themselves from the Settlement Classes, and any person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, from commencing, prosecuting, intervening in, or participating in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any claims or causes of action, or the facts and circumstances relating thereto, in this case and/or any of the Released Claims.

### Other Provisions

31.     Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

32.     This Order shall become null and void *ab initio*, and this Order (and all proceedings that have taken place with respect to the Settlement Agreement) shall be without prejudice to the rights and contentions of the parties, if:  (a) the proposed settlement is not finally approved by the Court, or does not become final pursuant to the terms of the Settlement Agreement, or (b) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, (i) the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, (ii) neither the Settlement Agreement nor the Court's Orders or findings therein, including this Order, shall be used or referred to for any purpose whatsoever in this or any other action or proceeding, including but not limited to class certification purposes, and

(iii) the Parties and this case shall be restored to the status existing prior to execution of the Settlement Agreement.

33.     Defendants shall retain the right to communicate with and respond to inquiries from Settlement Class Members and persons who are sent the Individual Notice orally and/or in writing, and they may do so through any appropriate representatives, under the following terms and conditions:

(a)     During the notice and claims period following the date of this Order, the Defendants or their designees may in the ordinary course of business continue to process and respond to all inquiries or complaints from Settlement Class Members, notwithstanding the fact that certain inquiries may originate with Settlement Class Members or persons who are sent the Individual Notice.

(b)     Communications by the Defendants or their designees about the proposed settlement with Settlement Class Members who are sent the Individual Notice shall only be made jointly or in the presence of Class Counsel, or with Class Counsel's express consent, or as approved by this Court.  However, Class Counsel may engage in privileged communications and other advice or respond to inquiries by Settlement Class Members, so long as such communications would not otherwise be inconsistent with the intent of this Order that communications similar in content to groups of Settlement Class Members or persons who are sent the Individual Notice be made jointly.

34.     This Order shall not be construed or used as an admission, concession, declaration, or finding by or against Defendants of any fault, wrongdoing, breach, liability, or waiver of arbitration defenses for anything other than settlement purposes or of the appropriateness of certifying a class for litigation purposes.  Nor shall this Order be construed or used as an admission,

concession, declaration, or finding by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.  Other than for purposes to enforce this Order or the Settlement Agreement, if finally approved, neither this Order nor the Settlement Agreement (or any communications or proceedings in connection therewith) shall be offered or received in evidence in this action or any other action or proceeding, or be used or asserted in any way as an admission, concession or evidence of any matter whatsoever except as necessary to enforce its terms.  Neither the certification of the Settlement Classes nor the settlement of the Action shall be deemed an admission by Plaintiffs or their attorneys that a litigation class could not properly be certified in this Action, and Plaintiffs shall retain all rights to assert that the Action may be certified as a litigation class.

35.     No discovery (except for reasonable confirmatory discovery requested by Class Counsel) with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other Person, other than as may be directed by the Court upon a proper showing seeking such discovery by a motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure.  All discovery and other proceedings in this case are further stayed until order of the Court, except as may be necessary to implement the Settlement, to comply with this Order, or to comply with the terms of the Settlement Agreement.

36.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Classes.  The Court may further continue or adjourn the Final Approval Hearing without further written notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 20th day of September, 2022.

 

 

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  all attorneys of record