UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60709-RAR

**NANCY TAYLOR**, *et al.*, *on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.

**SERVICE CORPORATION INTERNATIONAL**, *et al.,*

    Defendants.
_____/

### ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL AND CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES

**THIS CAUSE** comes before the Court upon Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, [ECF No. 144] ("Motion for Final Approval"), and Class Counsel's Motion for an Award of Attorneys' Fees, [ECF No. 135] ("Application for Fees"). The Court has reviewed the Class Action Settlement Agreement and Release, [ECF No. 129-1] ("Settlement Agreement"), between Plaintiffs Nancy Taylor and Hazel Benjamin, individually and as representatives of the Settlement Classes defined below, and Defendants, SCI Direct, Inc. ("SCI Direct"), Neptune Society Management Corporation *d/b/a* Neptune Society ("Neptune"), and NCS Marketing Services, LLC *d/b/a* National Cremation Society ("NCS") (collectively, "Defendants"), the Motion for Final Approval, Class Counsel's Application for Fees, all exhibits and evidence submitted therewith, and all other evidence of record, and has heard argument from counsel during the Final Approval Hearing on March 1, 2023.

### HISTORY OF THE LITIGATION

    **A.**    **PROCEDURAL BACKGROUND**

Plaintiffs and Defendants executed and filed a Settlement Agreement, as well as exhibits

thereto, with the Court on September 7, 2022. The Settlement Agreement is hereby incorporated by reference into this Order, and all terms defined in the Settlement Agreement shall have the same meanings in this Order. The Settlement Agreement provides for the settlement of this matter with Defendants on behalf of the representative Plaintiffs and the members of the Settlement Classes, subject to final approval by this Court.

Plaintiff Nancy Taylor filed her Unopposed Motion for Preliminary Approval of Class Action Settlement, [ECF No. 129] ("Motion for Preliminary Approval"), on September 7, 2022. On September 19, 2022, the Court held a Preliminary Approval Hearing to consider the preliminary approval of the Settlement Agreement. The Court, on September 20, 2022, entered an Order Certifying Settlement Class and Preliminary Approval of Class Action Settlement, [ECF No. 133] ("Preliminary Approval Order"), preliminarily approving the Settlement, preliminarily certifying, for settlement purposes only, the Settlement Classes, and scheduling a hearing for final approval of the settlement for January 19, 2023 ("Final Approval Hearing") to determine, among other things: (a) whether the Settlement Agreement is fair, reasonable, adequate, and should be finally approved by the Court; (b) whether a final judgment should be entered herein; and (c) whether Class Counsel's Application for Attorneys' Fees should be granted. The Court later rescheduled the Final Approval Hearing to March 1, 2023. Order Rescheduling Final Approval Hearing and Approving Supplemental Notice and Claim Form, [ECF No. 149].

### B. **SUMMARY OF THE SETTLEMENT TERMS**

The settlement's terms are detailed in the Settlement Agreement. *See* [ECF No. 129-1]. The following is a summary of the material terms of the Settlement.

#### 1. **The Settlement Classes**

As part of its Preliminary Approval Order, the Court certified for settlement purposes the Settlement Classes defined as follows:

**Preneed and Retail Merchandise Plan Settlement Class**:

All persons who, between April 1, 2016 and the present, purchased a Preneed Funeral Agreement and a Retail Merchandise Agreement from Neptune or NCS ("Preneed and Retail Merchandise Plan"), within the State of Florida, excluding all Preneed and Retail Merchandise Plans for which the contracted for cremation services have been performed, and all irrevocable preneed contracts.

**TRPP Settlement Class**:

All persons who between April 1, 2016, and present purchased a Transportation and Relocation Protection Plan ("TRPP") from Defendants within the State of Florida ("Class Period"), excluding all TRPPs where the beneficiary has already been cremated or buried.

Also excluded from the Settlement Classes are: (i) Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and employees; (ii) the District Judge and Magistrate Judge assigned to this case, their staff, and their immediate family members; and (iii) Counsel for the parties.

The Court hereby affirms these definitions of the Settlement Classes for purposes of this Order and Judgment and certifies this Lawsuit, for settlement purposes only, as a class action. As explained in the Preliminary Approval Order, the Court finds, for settlement purposes only, the Lawsuit meets all the requirements of Federal Rule of Civil Procedure 23, due process and all other applicable rules and law, and can therefore be certified as a settlement class action.

      **2.**      **Monetary & Injunctive Relief for the Benefit of the Settlement Classes**

The settlement provides that Settlement Class Members had the ability to submit claims to cancel the contract for their purchased services, after which Defendants would provide Settlement Class Members with a full refund of the purchase price paid, less any amounts previously refunded. In the event a Settlement Class Member did not exercise this option, Defendants agreed to provide the Settlement Class Member with an online obituary at no extra charge. The settlement also

provides that Defendants will modify certain forms to include a disclosure negotiated by the parties.

### 3. Settlement Class Notices

The Court ordered the Individual Notice and Claim Form, in the forms attached to the Settlement Agreement as Exhibits "2" and "3", be mailed by the Settlement Administrator, Angeion Group, by first-class mail, postage prepaid to all potential Settlement Class Members whose names were ascertained by Defendants through a reasonable search of Defendants' data at their last known address, with address updating and verification where reasonably available, and that the Administrator implement the Settlement Website.

The Court then ordered that supplemental notice be sent to a small subset of Settlement Class Members on or before January 25, 2023. The parties and the Settlement Administrator have satisfactorily demonstrated that these notices were given in accordance with the Court's orders. Based on the Court's review of the evidence admitted, and argument of counsel, the Court finds that the Individual Notice, as disseminated to members of the Settlement Classes in accordance with the provisions of the Preliminary Approval Order, together with the posting of the Settlement Agreement, Individual Notice, Claim Form, Preliminary Approval Order, and frequently asked questions on the Settlement Website: (a) constituted the best notice practicable; (b) were reasonably calculated to apprise potential members of the Settlement Classes of the pendency of the Lawsuit, their right to object or exclude themselves from the Settlement and to appear at the Final Approval Hearing, and their right to file a claim to seek the relief provided in the Settlement Agreement; (c) were reasonable and constitute due, adequate, and sufficient notice to all individuals entitled to receive notice; and (d) met all requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Florida and United States Constitutions, and requirements of any other applicable rules or law.

Accordingly, the Individual Notice as disseminated is finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of the Lawsuit and of the Settlement Agreement has been provided to members of the Settlement Classes, and the Court further finds and concludes that the notice program described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Federal Rule of Civil Procedure 23, the requirements of due process under the Florida and United States Constitutions, and the requirements of any other applicable rules or law.

### 4. Opt Outs and Objections

Settlement Class Members were given until December 15, 2022, to opt out of the Settlement and were given until December 20, 2022, to object to the Settlement. Settlement Class Members who received the supplemental notice were given until February 24, 2023, to opt out of or object to the Settlement. While the Administrator originally received one objection, this Settlement Class Member withdrew the objection and ultimately filed a claim.

Having reviewed the evidence on record concerning the success of the notice campaign, the Court finds that it is unnecessary to afford any additional opportunity to request exclusion to individual Settlement Class Members who had an earlier opportunity to request exclusion but did not do so.

### 5. Attorneys' Fees and Costs

Class Counsel filed their Application for Fees on November 18, 2022, requesting $5,500,000, to be paid by Defendants separately from any monetary relief provided to the Settlement Class Members. [ECF No. 135]. Defendants do not object to this fee request. *Id.* The parties negotiated attorneys' fees separately from the other terms of the Settlement.

## ANALYSIS

### A.     LEGAL STANDARD FOR FINAL APPROVAL

Courts must approve the settlement of a class action to ensure the settlement is fair, reasonable, and adequate.  FED. R. CIV. P. 23(e).  As a matter of public policy, courts favor class action settlements for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources.  *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also Jairam v. Colourpop Cosmetics, LLC*, No. 19-62438, 2020 WL 5848620 at *3 (S.D. Fla. Oct. 1, 2020) ("Federal courts have long recognized a strong policy and presumption in favor of class action settlements").

To determine whether a settlement is ultimately fair, adequate, and reasonable, courts in this circuit look to six factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986.  Courts can rely on "the judgment of experienced counsel for the parties" when evaluating these factors.  *Colourpop Cosmetics*, 2020 WL 5848620, at *3 (quoting *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012)).  Also, "[i]n evaluating a settlement's fairness, 'it should not be forgotten that compromise is the essence of a settlement.'" *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 467 (S.D. Fla. 2002) (alteration accepted) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).  "Above all, the court must be mindful that inherent in compromise is a yielding of absolutes and an abandoning of

highest hopes." *Id.* (citation and internal quotation marks omitted). As demonstrated below, the Settlement meets these standards.[1]

1. **The Settlement is the Product of Good Faith, Informed, and Arm's Length Negotiations (Rule 23(e)(2)(B)), and the Class Representatives Adequately Represented the Classes' Interests (Rule 23(e)(2)(A))**

"Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion." *Braynen v. Nationstar Mortgage*, No. 14-20726, 2015 WL 6872519, at *10 (S.D. Fla. Nov. 9, 2015) (citation omitted). The Settlement is the result of extensive, contentious, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and the legal and factual issues of this Lawsuit. Before settlement was reached, the parties engaged in extensive mediation efforts involving experienced counsel on both sides of the litigation.

Class Counsel conducted a thorough investigation and analysis of the Settlement Classes' claims and engaged in contentious mediation on behalf of the Settlement Classes. *See Francisco v. Numismatic Guar. Corp. of Am.*, No. 06-61677, 2008 WL 649124, at *11 (S.D. Fla. Jan. 31, 2008) ("Class Counsel had sufficient information to adequately evaluate the merits of the case and weigh the benefits against further litigation."). Accordingly, the Court finds that these factors weigh in favor of granting final approval of the Settlement.

2. **The Complexity, Expense, and Likely Duration of the Litigation (*Bennett* Factor 4) and the Costs, Risks, and Delay of Trial and Appeal (Rule 23(e)(2)(C)(i)) Support Final Approval of the Settlement**

This *Bennett* factor weighs in favor of approval where the case involves complex claims and lengthy litigation. *See, e.g.*, *Hall v. Bank of Am., N.A.*, No. 12-22700, 2014 WL 7184039, at *4 (S.D. Fla. Dec. 17, 2014) (noting that "even if plaintiffs were to prevail, class certification

---

[1] In addition to the *Bennett* factors, Federal Rule of Civil Procedure 23 includes factors that courts may consider in the final approval process. The Court addresses these factors as well.

proceeding[s], a class trial and the appellate process could go on for years"); *see also In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1345 (S.D. Fla. 2011) ("The claims and defenses are complex; litigating them has been difficult and time consuming. Although this litigation has been pending for more than two years, recovery by any means other than settlement would require additional years of litigation in this Court and the appellate courts.").

Counsel for all parties, after two years of litigation, believed they had strong arguments to offer at trial, and the mediator conducting the parties' final mediation noted the strength of the arguments on both sides of this matter. Thus, Class Counsel was clearly in a position to evaluate the costs and benefits of settling this matter in light of the possibility of loss at trial or on appeal. Accordingly, this factor favors final approval of the Settlement.

### 3. The Stage of the Proceedings and the Amount of Discovery Completed Weigh in Favor of Final Approval of the Settlement (*Bennett* Factor 6)

Courts must "ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). Here, the parties litigated the case for multiple years, conducted multiple rounds of mediation, and Class Counsel reviewed an extensive number of documents before the parties settled this matter. Accordingly, the Court finds this factor weighs in favor of final approval.

### 4. The Probability of Success at Trial, the Range of Possible Recovery, and the Point at Which Settlement is Fair Weigh in Favor of Final Approval of the Settlement (*Bennett* Factors 1, 2, & 3)

A court must look to "the likelihood and extent of any recovery from the defendants absent settlement" when deciding if the settlement should be approved. *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1349 (alteration accepted) (citation omitted). "The Plaintiff's likelihood of success at trial is weighed against the amount and form of relief contained in the settlement."

*Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014) (internal quotation marks omitted).  And "[i]n determining whether a settlement is fair in light of the potential range of recovery, the Court is guided by the important maxim that the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1350 (alteration accepted) (internal quotation marks omitted) (approving settlement that provided recovery of 9% to 45% of potential recovery that could have been obtained through trial).

As recognized by the mediator, though Class Counsel provided strong arguments in support of the Settlement Classes' claims, victory at trial and on appeal was not assured.  Additionally, because Settlement Class Members were provided with the opportunity to refund their contracts, there was a substantial risk of the Settlement Classes not recovering greater than this amount in actual damages at trial.  Accordingly, the Court finds these factors weigh in favor of final approval.

### 5. Class Counsel Evaluated the Strengths and Weaknesses of Their Claims, Class Counsel Support Approval of This Settlement, and There is No Opposition from the Class (*Bennett* Factor 5)

The endorsement of well informed, experienced counsel supports approval of a settlement, and a court should give such counsel's recommendations considerable weight. *Warrant v. City of Tampa*, 693 F. Supp. 1051, 1060 (M.D. Fla. 1988).  Class Counsel is thoroughly informed of the merits of both the Settlement Classes' and Defendants' positions and based on this knowledge believes the settlement is fair, reasonable, and in the best interest of the Settlement Classes.

Furthermore, "in determining whether a proposed settlement is fair, reasonable and adequate, the reaction of the class is an important factor." *Lipuma*, 406 F. Supp. 2d at 1324.  "[A] low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable." *Saccoccio*, 297 F.R.D. at 694.  Here, no Settlement Class Member objected to the Settlement and only 505

opted out of it. *See* [ECF No. 150-1] ¶ 5. The Court finds that the reactions of Settlement Class Members confirm that the Settlement is fair, adequate, and reasonable.

  **6.**   **The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims (Rule 23(e)(2)(C)(ii)), and the fact the Proposal Treats Class Members Equitably Relative to Each Other (Rule 23 (e)(2)(D)), Favor Approval**

Courts have concluded that where the settlement terms apply equally to all Settlement Class Members, the "method of distributing relief to the class" will effectively benefit every member of the Class and treat them equitably relative to each other. *Gumm v. Ford*, No. 5:15-CV-41-MTT, 2019 WL 479506, at *6 (M.D. Ga. Jan. 17, 2019). Here, each Settlement Class Member was afforded the opportunity to refund the at-issue contract, or alternatively, receive an additional benefit. Accordingly, all Settlement Class Members are treated equally, and the Court finds that these factors weigh in favor of a finding that the Settlement is fair to and adequate for all Settlement Class Members.

  **7.**   **The Terms of the Proposed Award of Attorneys' Fees, Including Timing of Payment (Rule 23(e)(2)(C)(iii)), Favor Granting Final Approval**

There are no "rigid limits" on attorneys' fees but "the relief actually delivered to the Class can be a significant factor in determining the appropriate fee award." FED. R. CIV. P. 23 Advisory Comm.'s Note, 2018 amend. "[A]ttorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the Class." *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). The Eleventh Circuit, in an unpublished decision, approved the use of this method in claims-made settlements. *Poertner v. Gillette Co.*, 618 F. App'x 624, 630 & n.2 (11th Cir. 2015). "There is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Camden I*, 946 F.2d at 774. Therefore,

"[t]he district court has wide discretion to award attorneys' fees based on its own expertise and judgment because of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Dikeman v. Progressive Express Ins.*, 312 F. App'x 168, 171 (11th Cir. 2008) (citation and internal quotation marks omitted).

Here, Class Counsel requests $5,500,000, to be paid separately from the relief received by Settlement Class Members, and the parties negotiated these fees separately from the relief provided by the Settlement. The payment of those fees is contingent upon the Court's granting final approval of the Settlement. Furthermore, considering the effort spent and risk taken by Class Counsel, this award is below other attorneys' fees awards in this jurisdiction. *See, e.g.*, *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1257–58 (S.D. Fla. 2016) (awarding 33% attorneys' fees); *In re Managed Care Litig. v. Aetna*, No. MASTER00-1334-MD-MOR, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (awarding 35.5% attorneys' fees). Accordingly, the Court finds the request for attorneys' fees weighs in favor of a finding that the Settlement Agreement is fair and adequate.

### 8. Agreements Made in Connection with the Proposed Settlement (Rule 23(e)(2)(C)(iv))

Rule 23 requires the parties to file with the Court "a statement identifying any agreement made in connection with" a proposed settlement. FED. R. CIV. P. 23(e)(3). The Court finds there are no other agreements with Defendants other than the Settlement, which weighs in favor of a finding that the Settlement Agreement is fair and adequate.

### B. THE COURT APPROVES CLASS COUNSEL'S FEE REQUEST

#### 1. Class Counsel is Entitled to Compensation for Creating a Common Benefit for the Class

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing*

*Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  This rule is also applied to attorneys who create a common fund in the context of a class action.  *See Camden I*, 946 F.2d at 771.  Fees must be calculated based on "a reasonable percentage of the fund established for the benefit of the class." *Id.* at 774.  The Eleventh Circuit has approved application of this rule in the context of a claims-made settlement.  *Poertner*, 618 F. App'x at 630.  The Court has substantial discretion in determining the appropriate fee.  In making the determination, courts are guided by the non-exhaustive *Camden I* factors.  *Camden I*, 946 F.2d at 772 & n.3.  Here, the Court finds that Class Counsel's request for fees of $5,500,000 is reasonable and appropriate.

### 2. Application of the *Camden I* Factors Supports the Requested Attorneys' Fees

The Eleventh Circuit in *Camden I* provided a set of factors the Court should use to determine a reasonable percentage of the fund to award class counsel: (1) the time and labor required; (2) the novelty and difficulty of the relevant questions; (3) the skill required to properly carry out the legal services; (4) the preclusion of the other employment by the attorney as a result of the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the clients or the circumstances; (8) the results obtained, including the amount recovered for the clients; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the clients; and (12) fee awards in similar cases.  *Camden I*, 946 F.2d at 772 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

These twelve factors are not exclusive.  Courts can also consider, for example, "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class

action" as well as "additional factors unique to a particular case." *Id.* at 775.  Here, the Court finds that the *Camden I* factors support approval of Class Counsel's requested fees.

    **(a)**  **The Claims Against Defendants Required Substantial Time and Labor (*Camden I* Factor 1)**

Class Counsel expended considerable time and effort both before and after the initiation of this Lawsuit investigating, prosecuting, and settling the claims at issue in this Lawsuit.  *See* [ECF No. 136].  Class Counsel reviewed an extensive amount of discovery before the settlement was reached and thus had sufficient information to evaluate the strength of the claims.  *See Francisco*, 2008 WL 649124, at *11.  Accordingly, the Court finds that this factor weighs in favor of the requested fee award.

    **(b)**  **The Issues Involved in this Case were Novel and Difficult (*Camden I* Factor 2), Making it Viewed as Undesirable (*Camden I* Factor 10), and Requiring the Skill of Highly Talented Attorneys (*Camden I* Factor 3)**

A higher fee award is favored where there are "complex issues requiring experience and skill on the part of Class Counsel."  *See In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771, at *4 (W.D. La. Oct. 31, 2006).  Difficult issues in a case also often contribute to the undesirability of a case.  *Id.* at *6 (finding undesirability due in part to issues such as "problems of proof, problems of causation, and a host of other complex issues").  "Counsel should be rewarded for taking on a case from which other law firms shrunk."  *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1364.

This litigation presented a novel issue of law, as both counsel and the Court are unaware of another class action focusing on the Florida Funeral Act.  Therefore, Class Counsel had to both investigate a novel legal issue as well as craft an effective remedy for the Settlement Class Members before pursuing the action.  The novelty of this action made it undesirable, because

counsel would have to bear the risk of pursuing a novel legal theory while incurring significant expenses with no guarantee of recovery.

Furthermore, courts consider the quality of opposing counsel when evaluating the quality of representation by Class Counsel.  *Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992).  Defendants been represented by extremely capable counsel from the prominent national law firm of Weinberg Wheeler Hudgins Gunn & Dial LLC, who were highly competent adversaries.  *Walco Invs. v. Thenen*, 975 F. Supp. 1468, 1472 (S.D. Fla. 1997) (stating that "[g]iven the quality of defense counsel from prominent national law firms, the Court is not confident that attorneys of lesser aptitude could have achieved similar results").  The Court finds that these factors, therefore, weigh in favor of the requested fees.

### (c)    Class Counsel Attained an Excellent Result for Class Members (*Camden I* Factor 8)

The Court finds that the significant monetary and injunctive relief Class Counsel obtained for Settlement Class Members favors the requested fee award.  Class Counsel secured the ability to rescind the at-issue contracts, or alternatively receive an additional benefit under them, as well as injunctive relief.  The Court finds that because Class Counsel obtained this significant relief despite substantial financial risks, this factor supports the requested fee award.

### (d)    Class Counsel Assumed Considerable Risk to Bring this Action on a Contingent Basis (*Camden I* Factor 6), Which Precluded Other Employment (*Camden I* Factor 4)

Class Counsel took a risk in prosecuting this action entirely on a contingent fee basis.  The risk borne by Class Counsel is one of the most significant factors to consider when determining an appropriate fee award.  *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 54 (2d Cir. 2000).  Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees."  *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1364; *Ressler*, 149 F.R.D. at

656 ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Here, Class Counsel incurred substantial risk by litigating a novel legal action with a purely contingent fee that was ultimately subject to final Court approval. The novelty of the legal issue further increased the risk that Defendants might prevail at the motion to dismiss stage (as they did with some of the Settlement Class Members' claims), the class certification stage, or the summary judgment stage. Class Counsel also bore litigation expenses that it is not seeking to recover. Furthermore, the hours spent on this case detracted from work on other potential matters. The Court finds that these factors support the reasonableness of Class Counsel's fee request.

### (e) The Requested Fee is Lower than Awards in Similar Cases (*Camden I* Factor 12) and is Lower than the Customary Fee for Similar Services in the Market (*Camden I* Factor 5)

The fee sought here by Class Counsel is below the fee typically awarded in similar cases. Numerous decisions have found that a thirty percent fee is well within the range of a customary fee. *See, e.g.*, *In re Sunbeam Securities Litig.*, 176 F. Supp. 2d 1323, 1333–34 (S.D. Fla. 2001). Several recent decisions in this circuit award attorneys' fees up to or in excess of thirty percent. *See, e.g.*, *Waters v. Cook's Pest Control, Inc.*, No. 2:07-CV-00394, 2012 WL 2923542, at *18 (N.D. Ala. July 17, 2012) (awarding 35%); *Wolff v. Cash 4 Titles*, No. 03-22778, 2012 WL 5290155, at *7 (S.D. Fla. Sept. 26, 2012) (awarding 33.3%). Here, though the parties disagree on the methodology through which to determine the monetary value of the benefit received by the Settlement Class Members, they agree the fee requested is well below the fee customarily awarded in comparable class actions. Accordingly, the Court finds that this factor supports the reasonableness of Class Counsel's fee request.

### (f) The Professional Skill and Standing of Counsel Support the Requested Fee Award (*Camden I* Factor 9)

The Court finds Class Counsel's "experience, reputation, and ability" justifies the fee award. *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1359; *see also Gevaerts v. TD Bank, N.A.*, No. 14-20744, 2015 WL 6751061, at *12 (S.D. Fla. Nov. 5, 2015) ("In the private marketplace, counsel of exceptional skill commands a significant premium.  So too should it here."). Class Counsel are qualified counsel, have extensive experience litigating class actions throughout the United States, and have obtained billions of dollars in verdicts and settlements over the course of those actions. Defendants' Counsel, moreover, was highly skilled, requiring high-quality representation on the part of Class Counsel. The Court finds that this factor weighs in favor of the requested fees.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion for Final Approval, [ECF No. 144], and Application for Fees, [ECF No. 135], are **GRANTED**.  The Settlement Agreement, [ECF No. 129-1], is **APPROVED**.

2. The Court possesses jurisdiction over the subject matter of the Lawsuit, the Plaintiffs, Defendants, members of the Settlement Classes, and the Released Persons.

3. The Court certifies the Settlement Classes, for Settlement purposes only, under Federal Rule of Civil Procedure 23 and all other applicable rules and law.

4. Timely requests for exclusion were submitted by 505 potential members of the Settlement Classes and those potential Settlement Class Members (identified in Exhibit "B" of [ECF No. 150-1]) are excluded from the Settlement Classes.  All other potential members of the Settlement Classes are adjudged to be members of the Settlement Classes and are bound by this

Order and Judgment and by the Settlement Agreement, including the releases provided for in the Settlement Agreement.

5. The provisions of the Settlement Agreement are fair, reasonable, and adequate to the Settlement Classes, and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The parties to the Settlement Agreement are hereby directed to comply with and consummate the Settlement Agreement in accordance with its terms.

6. The Court finds that Class Counsel and the Class Representatives adequately, appropriately, fairly represented, and protected the interests of the Settlement Classes for the purposes of entering into and implementing the Settlement. Accordingly, the Court confirms its appointment of the following Class Counsel as counsel for the Settlement Classes pursuant to Federal Rule of Civil Procedure 23(g):

> Randall P. Ewing, Jr.
> **KOREIN TILLERY LLC**
> 205 North Michigan Plaza, Suite 1950
> Chicago, IL 60601
> Phone: (312) 641-9750
> rewing@koreintillery.com
>
> Alec H. Schultz
> **HILGERS GRABEN PLLC**
> 1221 Brickell Avenue, Suite 900
> Miami, Florida 33131
> Phone: 305.630.8304
> aschultz@hilgersgraben.com

7. The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, and all members of the Settlement Classes are bound by the terms of the Settlement Agreement and are forever barred and permanently enjoined from starting, continuing, participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances alleged in the Lawsuit and/or the Preneed and Retail Merchandise Released

Claims and/or the TRPP Released Claims against the Released Persons, including, but not limited to, Defendants. Accordingly, any future claims arising out of the conduct alleged in the Third Amended Class Action Complaint and claims released herein are barred by res judicata. There shall be no limits to the res judicata effect of this Order and Judgment. Any person in contempt of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

8.  The Court finds that the other requirements for certification of the Settlement Classes under Federal Rule of Civil Procedure 23 have been met.

9.  The mailing of the Individual Notice approved by the Court was the best practicable notice and satisfied the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Florida and United States Constitutions, and the requirements of any other applicable rules or law.

10. Upon the entry of this Order and Judgment, each Settlement Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Preneed and Retail Merchandise Released Claims and TRPP Released Claims.

11. The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents as: (a) shall be consistent in all material respects with this Order and Judgment; or (b) do not limit the rights of any Settlement Class Members.

12. The Settlement Agreement and this Order and Judgment are not deemed admissions of liability or fault by the Defendants or other Released Persons, or a finding of the validity of any claims in the Lawsuit, of any wrongdoing or violation of law by the Defendants or other Released Persons, or of the certifiability of any classes except for settlement purposes. The Settlement

Agreement is not a concession or admission by the parties of any material fact, and neither this Order and Judgment nor the Settlement Agreement or any other documents, exhibits, or materials submitted in furtherance of the Settlement, shall be offered or received as evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of the Released Persons, as an admission or concession that this action may properly be maintained as a litigation class, or for any other purpose, or as waiver of arbitration defenses for anything other than settlement purposes. Nothing in this paragraph shall affect or bar the parties from using these documents to enforce the terms of the Settlement.

13. Neither the Settlement Agreement, nor the negotiations of the Settlement, nor the Settlement procedures, nor any act, statement, or document related in any way to the Settlement negotiations or settlement procedures, nor any pleadings, or other document or action related in any way to the Settlement Agreement shall be: (a) offered into evidence in any other case or proceeding in support of or in opposition to a motion to certify a contested class; or (b) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class.

14. Pursuant to Class Counsel's Application for Fees the Court awards Class Counsel the sum of Five Million, Five Hundred Thousand dollars (**$5,500,000.00**) in attorneys' fees. Defendants shall pay such fees to Class Counsel pursuant to the terms of the Settlement Agreement. The Court hereby finds that this amount is fair and reasonable.

15. As soon as reasonably possible after the completion of all payments to Participating Class Members eligible for payment pursuant to the Settlement Agreement, the parties shall file with the Court a final report, together with a proposed order approving such report, indicating that

distribution in accordance with the terms of the Settlement Agreement and the Court's prior Orders has been completed.

16. If the Settlement does not become final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including Section XVI), this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement.

17. The terms of the Settlement Agreement are expressly incorporated herein. Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court shall retain continuing jurisdiction over the Lawsuit for purposes of:

   a. All matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order and Judgment; and

   b. Any other matters necessary or appropriate to protect or effectuate this Court and the Order and Judgment.

**DONE AND ORDERED** in Miami, Florida this 3rd day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**